*A. Ellison*, for the appellant.

---

## McVey *v.* Blair.

A witness having been asked, by the party who called him, whether a certain fact existed, and whether he had not told *A*. so, answered that he did not remember; whereupon the same party produced *A*., who testified that the witness had so told him, &c.  *Held*, that *A*.'s evidence was inadmissible.

In a suit for criminal conversation, neither the confessions of the wife, nor the opinions of witnesses concerning her fondness for the defendant, are admissible in evidence against him.

The rule that objections to evidence must have been distinctly specified when the evidence was offered, was held not to apply in a case where the evidence itself plainly showed the point of objection.

APPEAL from the *Hamilton* Circuit Court.

Davison, J.—*Blair* sued *McVey* in the *Marion* Circuit Court, for debauching his, *Blair's*, wife.  The venue was changed to the *Hamilton* Circuit Court.  Verdict against *McVey* for 1,200 dollars, upon which the Court, over a motion for a new trial, rendered judgment.  It appeared in evidence that in *August*, 1853, one *Sloan* kept a public house on the *Michigan* road, six miles south of *Indianapolis;* that about nine o'clock in the evening, *McVey*, the de-

May Term,
1856.

McVey
v.
Blair.

fendant, *Maria Blair*, the plaintiff's wife, and a boy four-teen years old, named *James Matlock*, arrived at *Sloan's* house, when *McVey* inquired of *Sloan* whether he could furnish them a room with two beds in it. *Sloan* agreed to do so, and after supper put them in such room, where they remained during the night. *McVey* told *Sloan* that Mrs. *Blair* was deranged, and that he was taking her to her mother, in *Jefferson* county. Her appearance indicated that she was not of sound mind. It also appeared that *McVey* and *Matlock* slept in one of the beds, and Mrs. *Blair* in the other. *Matlock* being called by the plaintiff, testified that he arose from the bed at day-break. He was the first up. He went down stairs, where he met *Sloan*, and shortly afterwards returned to the room to get some matches to light the fire. The plaintiff then asked witness if he did not find the door of the room, wherein they had slept the night previous, locked when he went back for the matches; and whether he did not tell *Sloan* that that was the cause of his delay in getting into the room to get the matches? To the question thus propounded, the witness answered, " I do not remember." After this *Sloan* was called by the plaintiff, who testified " that *Matlock* told him that when he, *Matlock*, went up stairs to get the matches, he found the door locked, which occasioned the delay." To the intro-duction of this branch of *Sloan's* testimony, the defendant, at the proper time, objected; but his objection was over-ruled.

What *Matlock* told *Sloan* was clearly inadmissible, be-cause it was hearsay, in the strictest sense of the term, and on that account should have been excluded. As a general rule, " whatever facts the witness may speak to, he should be confined to those lying in his own knowledge, whether they be things said or done, and should not testify from information given by others, however worthy of credit they may be." It is true, the credit of a witness may be im-peached by proof that he has made statements out of Court contrary to what he has testified on the trial; but this, ap-plied to *Sloan's* testimony, would allow the plaintiff to im-peach his own witness. Moreover, *Matlock's* statement

May Term, 1856.

McVey
v.
Blair.

was really not susceptible of contradiction, having merely stated that he did not remember whether he did or did not tell *Sloan* that the door was locked. 5 Ind. R. 502.

During the trial, one *Lawrence Abbet* was produced, who testified that he was a physician, and as such had, at the plaintiff's request, attended on his wife. This witness was asked by the plaintiff to state what he had heard Mrs. *Blair* say, in relation to the defendant, while she was sick? The defendant objected to the question, but the Court allowed the witness to answer it, which he did in these words: " Mrs. *Blair* incidentally used the name of *McVey*, and from the use of his name I was satisfied she was attached to him." To this answer the defendant also excepted.

In cases of criminal conversation, " the confessions of the wife are not evidence against the defendant;" but the testimony of *Abbet* is objectionable on another account. It is the mere expression of the opinion of the witness, which, in reference to the fact to which he was interrogated, can in no sense be regarded legitimate evidence.

It is, however, insisted, that though both *Sloan's* and *Abbet's* testimony may have been incorrectly admitted, still it should not be held erroneous, because the defendant's grounds of objection do not appear in the record. This Court has decided that such grounds should be pointed out to the Circuit Court. *Russell et al.* v. *Branham*, 8 Blackf. 277. But that decision relates to a general rule of practice, which we are not inclined to hold applicable in cases like the present, where the testimony itself plainly shows the point of objection. The record contains all the evidence. We have examined it carefully, and are of opinion that the errors committed by the admission of the above testimony, may have misled the jury, and that the defendant is, therefore, entitled to a new trial.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. Wallace* and *E. Coburn*, for the appellant.
*J. W. Gordon*, for the appellee.