## GLENN v. CLORE.

WITNESS.—*Credibility.*—*Conviction of Infamous Crime.*—Every person who, after the adoption of section 79, p. 999 of the Revised Statutes of 1843, was duly convicted of the crime of treason, murder, rape, arson, burglary, robbery, manstealing, forgery, or wilful and corrupt perjury, was incapable of giving evidence in a court of justice, prior to the adoption of section 243 of the present code; since the adoption of said section 243, such conviction may be shown to affect the credibility of a witness.

SAME.—It is error to permit the introduction in evidence of a record showing an indictment for an assault and battery with intent to commit a rape, and showing an acquittal of the intent and a conviction for a simple assault and battery, for the purpose of affecting the credibility of a witness.

EVIDENCE.—*Practice.*—Where a party against whom incompetent or inadmissible evidence has been admitted objected at the proper time and in the proper manner, and excepted to its admission, he need not afterward move to strike it out, in order to have the benefit of his exception.

INSTRUCTION.—*Illegal Evidence.*—Where an instruction to a jury does not withdraw illegal evidence or direct the jury to disregard it, though its legal import may be that the evidence is incompetent or insufficient, the instruction does not cure the error in admitting the evidence.

TRIAL.—*Commencement of Trial.*—With reference to the statute fixing the time when objections to depositions must be made (sec. 266 of the code), the swearing of the jury is the commencement of the trial.

DEPOSITION.—*Motion to Suppress.*—A court cannot suppress a deposition after the jury is sworn, unless the objection relate to some matter not disclosed in the deposition.

APPEAL from the Montgomery Common Pleas.

DOWNEY, J.—The appellee sued the appellant for her own seduction. The defendant demurred to the complaint, because the same did not state facts sufficient to constitute a cause of action; the demurrer was overruled, and he excepted. An issue of fact was formed by the general denial; there was a trial by jury, a verdict for the plaintiff, a motion by the defendant for a new trial overruled, and judgment on the verdict. The overruling of the demurrer to the complaint, and the refusal to grant a new trial are the errors assigned.

The first alleged error is not argued or urged by counsel for the appellant. We see no objection to the complaint.

One Steel, the physician who attended the appellee in

her confinement, testified as a witness, and his evidence was to a vitally material point in the case. The appellee, in her rebutting evidence, was allowed, over the objection of the appellant, to give in evidence, evidently for the purpose of affecting his credibility as a witness, the record of a prosecution against him for an alleged assault and battery with intent to commit a rape, in which he was acquitted of the intent to commit the felony, and found guilty of a simple assault and battery, and this was made a ground of the motion for a new trial. The bill of exceptions, with reference to this point, states: "And be it further remembered that during the trial of said cause, and while the rebutting evidence of the plaintiff was being given to the jury, the plaintiff offered to introduce in evidence in her behalf the record of the indictment, trial, and verdict in the case of *The State of Indiana* v. *Armstrong T. Steel*, indictment for an assault with intent to commit a rape, tried in the Montgomery Circuit Court, March term, A. D. 1859, to the introduction of which record in evidence the defendant then and there, at the proper time, objected, on the ground that said evidence was wholly irrelevant. Which objection the court overruled (the attention of the court was not called to the fact that the conviction was for a simple assault and battery until after the record was given in evidence) and permitted said record to be read in evidence to the jury (which record elsewhere in this bill of exceptions appears). To which ruling of the court admitting said record to be read in evidence to the jury, the defendant then and there by his counsel at the proper time excepted." The indictment charges an assault and battery with intent, etc., although the bill of exceptions speaks of it as an assault with intent, etc.

We know of no law by which this evidence could legally be admitted. It is provided by sec. 243 of the civil code, that any fact which might theretofore have been shown to render a witness incompetent, may be thereafter shown to affect his credibility. To determine what crimes rendered a witness incompetent at the date of the civil code, we must

refer to the statute previously in force, which is sec. 79, p. 999, Revised Statutes of 1843, and which declared that any person who might thereafter be duly convicted of the crime of treason, murder, rape, arson, burglary, robbery, man-stealing, forgery or wilful and corrupt perjury, should ever after such conviction be deemed infamous, and, among other disabilities, be incapable of giving evidence in any court of justice. It will be seen that neither the crime with which the witness was charged nor that of which he was found guilty rendered him incompetent as a witness prior to the code, and could not therefore be shown to affect his credi-bility under the code. It was doubtful at common law, what crimes rendered the perpetrator thereof infamous. 1 Greenleaf Ev., sec. 373. Hence, we presume, the enact-ment of the statute of 1843 on the subject. Not all felonies render the perpetrator of them infamous. *Pruitt* v. *Miller*, 3 Ind. 16. But it is urged that the objection to the evidence was not sufficiently pointed out. As the record was not admissible for any purpose, and showed upon its face that it was inadmissible, and as it was objected to on the ground of its irrelevancy, we think it should have been excluded. See *McVey* v. *Blair*, 7 Ind. 590.

It is further urged that the appellant should have moved to have the evidence stricken out. We cannot think that where a party, against whom incompetent or inadmissible evidence is offered, has objected to it in proper time and manner, and it has been admitted over his objection, to which he has excepted, he must afterward move to strike out such evidence, in order to have the benefit of his objection and exception.

Again, it is contended that the error was cured by the instruction of the court to the jury. The court said : " The record instrument of the conviction of the witness Steel, shows that he was indicted for a felony, but he was acquitted of the felony and convicted of a misdemeanor, which is not infamous, although it was a conviction for an assault and bat-tery on a woman."

The instruction did not withdraw the record from the jury, nor did it direct the jury to disregard it. We do not think that the instruction cured the error in admitting the record in evidence. The learned judge seems to have supposed that if the witness had been convicted of the aggravated assault and battery, he would thereby have been rendered infamous. This we have seen was a misapprehension.

Another reason for a new trial was that the court, after the jury was sworn, heard and sustained a motion by the plaintiff to suppress a deposition which had been taken and filed by the defendant; and in this connection counsel discuss the question as to the time when the trial shall be said to have commenced. Counsel for the appellant contend that it has commenced when the jury has been sworn, while opposing counsel insist that it commences at a later stage of the cause. We are of the opinion, with reference to section 266 of the code, which fixes the time when objections to depositions shall be made, that the swearing of the jury is the commencement of the trial. The object of the section is that parties may know, so far at least as apparent objections are concerned, that they can depend upon reading in evidence such depositions as have been regularly placed on the files, to be read in the cause, and which have not been suppressed. The rule provided by the statute is convenient, as well as fair; for why empanel and swear a jury to try a cause, which the parties may afterward be prevented from trying on account of the suppression of depositions after the jury are sworn? We hold that the court should not have entertained the motion to suppress the deposition after the jury was sworn, unless the objection related to some matter which was not disclosed in the deposition, which was sufficient to authorize such suppression. It is not shown for what cause the deposition was suppressed, and hence we cannot decide whether it was rightly suppressed after the jury was sworn or not.

There are other questions discussed, but they are not much relied upon, and we need not consider them.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial, and for further proceedings.

*J. E. McDonald, J. M. Butler*, and *S. C. Willson*, for appellant.

