## UNDERWOOD v. LINTON

CRIMINAL CONVERSATION.— *Evidence.* — *Admissions of Wife.*—On the trial of an action for damages for alleged criminal intercourse of the defendant with the wife of the plaintiff, a paper containing statements tending to show her guilt, written by her but never delivered to, nor in the possession of, nor its contents proved or offered in evidence by, the defendant, is not admissible in evidence against him.

PRACTICE.—*Objections to Evidence.*—The objection that evidence offered on the trial of a cause is "incompetent and inadmissible" points out no reason for such objection and is insufficient: but where, from the evidence so offered, itself, a sufficient reason for excluding it appears, it should be rejected.

From the Hamilton Circuit Court.

*D. Moss* and *T. J. Kane*, for appellant.

*J. W. Evans* and *R. R. Stephenson*, for appellee.

WORDEN, C. J.—This was an action by the appellee, against the appellant, to recover damages for alleged criminal intercourse between the defendant and the plaintiff's wife. Trial by jury; verdict and judgment for the plaintiff. Motion for a new trial overruled, and exception.

On the trial of the cause the plaintiff offered in evidence a certain paper, written by his wife, tending to show the alleged criminal intercourse, but which was not sent to or ever in possession of the defendant. The plaintiff testified in relation to the paper that he came home on a certain occasion and found his wife writing it, and told her that he would take charge of it, and did so, and had it in his possession until it was attached to the deposition

of the witness, Matilda M. Whitson. It may be observed, here, that Matilda M. Whitson was the wife of the plaintiff, between whom and the defendant the intercourse was alleged to have taken place, but who had, when the deposition mentioned was taken, procured a divorce from her husband.

The paper was offered by the plaintiff while introducing his evidence in chief, but, on objection by the defendant, it was rejected.

The plaintiff, in his evidence in chief, gave in evidence parts of the deposition of Matilda M. Whitson, in which the paper was exhibited to her and she was asked whether it was in her handwriting, and she said that it was; and, upon being asked whether it was not written to be delivered to the defendant, she replied that she had no recollection.

The defendant, in the introduction of his evidence, gave in evidence other parts of the deposition of the witness, Matilda, in which she stated the circumstances under which and means by which the paper was procured to be written, but the contents of the paper were not stated.

In rebutting, the plaintiff offered the paper in evidence again, and the defendant objected for the reason that it "was incompetent and inadmissible evidence" in the cause; but the objection was overruled and the paper admitted in evidence. The defendant excepted, and assigned the admission of this evidence as one of the causes for a new trial.

The paper thus admitted was clearly and palpably incompetent evidence against the defendant. Viewing the paper as containing express or tacit admissions of the alleged criminality, it contained but an admission or statement of the plaintiff's wife, and this would be incompetent on general principles. If the statements of a wife were competent evidence against one charged with criminal conversation with her, the husband and wife, by collusion, might make out a case against the most innocent,

without even incurring the danger of punishment for perjury.

But it is objected by the appellee that no sufficient objection was pointed out to the introduction of the evidence. The objection, as we have seen, was, that the evidence was "incompetent and inadmissible." This really points out nothing at all, for it indicates no reason why the evidence was incompetent and inadmissible. But the rule requiring objections to evidence to be pointed out ceases with the reason for it. Thus, in the case of *McVey* v. *Blair*, 7 Ind. 590, it was held, that the rule was not applicable, " where the testimony itself plainly shows the point of objection." See, also, *Glenn* v. *Clore*, 42 Ind. 60; *Underwood* v. *Linton*, 44 Ind. 72.

We think the objection to the evidence plainly appeared, and there was no need of further particularity in pointing it out. The objection to the evidence was apparent, we may suppose, to the mind of the court; otherwise it would have been admitted when offered in the first instance. We infer that the evidence was admitted in rebuttal, because the court was of opinion that the defendant, by his evidence, had opened the door to its introduction. We are, however, of a different opinion. The plaintiff proved in his evidence in chief, that the paper was in the handwriting of the plaintiff's wife. The defendant, in his evidence, proved the circumstances under which it was written, without going into its contents. We are not aware of any rule of practice by which this would open the door to the plaintiff to introduce the paper in evidence, it being incompetent in itself.

We are of opinion that the court erred in the admission of the evidence, and that a new trial should have been granted.

The judgment below is reversed, with costs, and the cause remanded for a new trial.