## THE STATE v. PITZER.

CRIMINAL LAW.—*Malicious Trespass.*—*Indictment.*—It is immaterial, in an indictment for malicious trespass, whether the injury complained of be alleged as being to the damage of the property injured or to the owner.

From the LaPorte Circuit Court.

*G. Ford*, Prosecuting Attorney, and *T. W. Woollen*, Attorney General, for the State.

HOWK, C. J.—At the September term, 1878, of the court below, the appellee was indicted for malicious trespass.

The indictment contained two counts.

In the first count it was charged, in substance, that the appellee, on the 8th day of June, 1878, at LaPorte county, Indiana, " did then and there unlawfully, maliciously and mischievously injure and cause to be injured a certain single harness, the property of Mary D. Everhart, by then and there unlawfully, maliciously and mischievously cutting into pieces said harness, to the damage of said Mary D. Everhart of eight dollars."

In the second count of said indictment, it was further charged, in substance, that the appellee, on the same day and at the same county, " did unlawfully, maliciously and mischievously injure and cause to be injured a certain buggy, the property of one Mary D. Everhart, by then and there unlawfully, maliciously and mischievously cutting and scratching the top, dash-board and painting of said buggy, to the damage of said Mary D. Everhart of twenty-five dollars."

The appellee moved the court to quash said indictment, which motion was sustained, and to this decision the State, by its attorney, excepted, and the court rendered judgment for the appellee.

In this court the State has assigned as error the decision of the circuit court in quashing the indictment.

We have no brief from the appellee in this court, but

we learn from the argument of the prosecuting attorney, that the only objection taken to the indictment in the circuit court was, that it charged the value of the damage done as done to the owner of the property, instead of to the property itself. This objection was considered by this court in the recent case of *The State* v. *Sparks*, 60 Ind. 298, in which case it was held to be perfectly immaterial whether the indictment charged that the injury complained of was to the damage of the property or to the damage of the owner of the property. " If either mode of expression is adopted, the indictment would show, with sufficient clearness and certainty, the ' value of the damage done;' and that is all that the indictment is required to show, under the statute." 2 R. S. 1876, p. 462, sec. 13.

We are clearly of the opinion in the case at bar, that the court below erred in quashing the indictment.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule the appellee's motion to quash the indictment, and for further proceedings.