Kinsman v. The State.

- - -

No. 9780.

KINSMAN v. THE STATE.

MALICIOUS TRESPASS.—*Sufficiency of Affidavit.*—*Property in Dogs.*— *Value of Damage Done.*—The owner of a dog has such a property therein as that, where one unlawfully and maliciously injures or kills such dog, he may be prosecuted therefor under the criminal law, in relation to malicious injuries. In such case, it is immaterial whether the injury complained of is charged to be to the damage of the property or to the damage of the owner of the property.

Kinsman v. The State.

SAME.—*Prejudices of Witness.*—*Prosecuting Witness Quasi Party to Prosecution.*—*Evidence.* — In such a prosecution, the owner of the property, who may be the instigator of the prosecution, is a *quasi* party thereto; and, where a witness has testified in the cause, it is competent for the State, on cross-examination, to ask such witness any questions, where the answers thereto might tend to show his bias or prejudice either for or against the owner of the property and prosecuting witness.

SAME.—*Offence Charged.*—*Instructions.*—Where the affidavit charged that the defendant maliciously, etc., injured the dog, by then and there, etc., shooting and killing said dog. the substance of the charge is the *killing*, and must be proved beyond a reasonable doubt. In such case, an instruction is erroneous which impliedly tells the jury that they may find the defendant guilty, if the evidence shows, beyond a reasonable doubt, that he maliciously or mischievously either killed or *injured* the dog.

From the Lagrange Circuit Court.

*W. C. Glasgow* and —— *McCloskey*, for appellant.

*D. P. Baldwin*, Attorney General, and *J. S. Drake*, Prosecuting Attorney, for the State.

HOWK, J.—In this case, the appellant was prosecuted upon affidavit, before a justice of the peace of Lagrange county. The affidavit was in substance as follows:

"George W. Coplin, being first duly sworn, upon his oath says, that Henry Kinsman, on the 12th day of April, 1881, at the county of Lagrange and State of Indiana, did then and there unlawfully and mischievously injure a certain dog, the property of said George W. Coplin, by then and there unlawfully, maliciously and mischievously shooting and killing said dog, with deadly and dangerous material shot out of and discharged at and against said dog, from a gun which the said Henry Kinsman then and there had, held and discharged at and against said dog, to the damage of said property in the sum of twelve dollars."

The second trial of the cause by a jury, before a justice, resulted in a verdict finding the appellant guilty as charged, and assessing his punishment at a fine of one dollar; and the justice rendered judgment against the appellant for the amount of said fine and costs taxed in the sum of $182.58.

On an appeal to the circuit court, the cause was there tried by a jury, and a verdict was returned finding the appellant guilty as charged, and assessing his punishment at a fine in the sum of fifteen dollars ; and his motions for a new trial and in arrest of judgment having each been overruled, and his exceptions saved to each of these rulings, judgment was rendered on the verdict.

The following decisions of the circuit court have been assigned, as errors, by the appellant, in this court :

1. In overruling his motion to quash the affidavit ;

2. In overruling his motion for a new trial ; and,

3. In overruling his motion in arrest of judgment.

The first and third of these alleged errors may properly be considered together, as they each present, in this case, the single question as to whether or not the facts stated in the affidavit of the prosecuting witness constituted a public offence.

The affidavit in the case at bar charged the appellant with the commission of the offence, commonly called a "malicious trespass." This offence is defined and its punishment prescribed in section 13 of "An act defining misdemeanors and prescribing punishment therefor," approved June 14th, 1852. This section reads as follows :

"Sec. 13. Every person who shall maliciously, or mischievously injure, or cause to be injured, any property of another, or any public property, shall be deemed guilty of a malicious trespass, and be fined not exceeding two-fold the value of the damage done, to which may be added imprisonment not exceeding twelve months." 2 R. S. 1876, p. 462.

This section is substantially re-enacted in section 54, of "An act concerning public offences and their punishment," approved April 14th, 1881, which became a law on the 19th day of September, 1881. Acts 1881, p. 186.

The only objection urged by the appellant's counsel, in argument, to the sufficiency of the affidavit in the case now

before us, is, that it does not properly charge "the value of the damage done," in the commission of the alleged trespass. In the affidavit it was charged that the appellant's act, in shooting and killing the dog mentioned therein, was "to the damage of said property in the sum of twelve dollars." It is claimed by the appellant's counsel, as we understand them, that a dog is not necessarily an animal of value, and that, for this reason, the affidavit in this case was bad, in this, that it did not charge the dog killed to be of some value to the prosecuting witness, as the owner thereof. It seems to us, however, that this position can not well be maintained, under the legislation of this State on the subject of dogs. As long ago as the taking effect of "an act to license dogs," etc., approved March 11th, 1861, and ever since, the laws of this State have recognized a property in dogs, and have required that the owner or owners thereof should contribute certain specified sums to the revenues of the township in which he or they resided, on account of his or their ownership of such property. Under the act of March 11th, 1861, Acts 1861, Reg. Sess., p. 110, this contribution to the township revenues was denominated a license fee ; but under the act of March 8th, 1865, which became a law from and after its passage, such contribution assumed the form and name of a township tax, to be levied, assessed and collected, as other taxes, from the owner or owners of such dogs. 1 R. S. 1876, p. 69. It may well be said, we think, that any article of property which the law subjects to taxation is *prima facie* an article of value.

The question now under consideration was before this court in the case of *The State* v. *Sparks*, 60 Ind. 298. After citing section 13 of the misdemeanor act of June 14th, 1852, the court there said : "Under this section, it is proper and necessary, that 'the value of the damage done' should be charged in the indictment, because the fine to be assessed, on conviction, is limited by the statute to a sum 'not ex-

ceeding two-fold the value of the damage done.' But it seems to us to be perfectly immaterial whether it is charged that the injury complained of was to the damage of the house or to the damage of the owner of the property. * * * * * If either mode of expression is adopted, the indictment would show, with sufficient clearness and certainty, the 'value of the damage done;' and that is all that the indictment is required to show, under the statute.'' To the same effect is the case of The State v. Pitzer, 62 Ind. 362. We can see no good reason for adopting a different construction of the statute in the case at bar; and therefore our conclusion is, that the affidavit was sufficient, and the court did not err in overruling either the motion to quash it or the motion in arrest of judgment.

In his motion for a new trial, the appellant assigned eleven causes therefor, but of these we will consider and pass upon such only as his counsel have presented and discussed in their well considered brief of this cause. The first point made by the appellant's counsel in argument arises under the fifth cause assigned for a new trial, namely, that the court, over appellant's objection, permitted the State to show by the witness Charles Kinsman the state of feeling existing between him, the witness, and the prosecuting witness, George W. Coplin, the owner of the dog, and permitted the State's attorney to ask, and required the witness Kinsman to answer, this question, to wit: "Is it not a fact that you and Coplin are on bad terms, that you do not speak to him?" It appears from the bill of exceptions that the question quoted, and other questions of like character, were objected to by the appellant "on the ground that each of said questions was immaterial, irrelevant and incompetent." In this court the State's attorneys insist that the ground of objection stated on the trial was not sufficient. "It does not state in what its immateriality, or its irrelevancy, or its incompetency consists; this should have been done." It seems to

us, however, that the point thus made by the State's attorneys is not well taken.    For, if the evidence sought to be elicited by the question objected to, and by the answer thereto, was immaterial, irrelevant or incompetent, the grounds thereof and the reasons therefor were so plain and manifest that it would have been difficult for the appellant to state more clearly than he did his objections to the offered evidence.    It may be conceded that the words "immaterial, irrelevant and incompetent" indicate no ground or reason why the offered evidence was immaterial, irrelevant and incompetent.    But it was long since decided by this court, that the rule of practice which required that objections to evidence must have been specified when the evidence was offered, would not be applicable in a case where the evidence itself plainly showed the ground of objection.    *McVey* v. *Blair*, 7 Ind. 590.    To the same effect, on the point under consideration, are the following cases : *Glenn* v. *Clore*, 42 Ind. 60 ; *Underwood* v. *Linton*, 44 Ind. 72 ; and *Underwood* v. *Linton*, 54 Ind. 468.

The question remains, therefore, and, we think, is fairly saved and presented, Did the court err in permitting the State's attorney to ask the witness Charles Kinsman, and in requiring him to answer, as to whether or not he and the prosecuting witness, Coplin, the owner of the dog, were on bad terms?    This question is by no means free from difficulty, but we are of the opinion that the evidence sought to be elicited by the question and its answer was not incompetent. It is true that the prosecuting witness was not, strictly speaking, a party to the suit, but he was the owner of the dog, and the instigator of the prosecution for his untimely taking off, and it seems to us that it was competent for the State, with the view of showing the possible bias or prejudice of the defendant's witness against the prosecution, to ask him whether or not he and Coplin, the prosecuting witness, were on bad terms.    In Wharton's Criminal Evidence,

8th ed., sec. 477, it is said: "A witness may also be com- pelled to answer questions concerning his relationship to the prosecution or the defence, his interest in the suit, his capac- ity of discernment and expression, his motives, and his pre- judices. He may be thus required to explain whatever would show bias on his part or incapacity to testify accurately." See, also, on this subject, 1 Greenleaf Evidence, secs. 450 and 455, and *Scott* v. *The State*, 64 Ind. 400. The weight to be given such evidence is a question for the triers of the facts, in each particular case, but it can not be excluded, in our opinion, on the grounds of its immateriality, irrelevancy or incompetency.

The eighth cause assigned for a new trial was, that the court erred in giving the jury, of its own motion, certain in- structions lettered from A to K, inclusive. Of these the ap- pellant's counsel first complain in argument of the instruc- tion lettered D, which reads as follows: "It is not sufficient for the State to prove that the defendant killed or injured the dog merely; but the evidence must show, beyond a rea- sonable doubt, that the defendant maliciously or mischiev- ously killed or injured it."

This instruction told the jury, in effect, that it was suffi- cient for the State to prove, beyond a reasonable doubt, that the defendant maliciously or mischievously injured the dog. This, we think, was erroneous. The charge against the ap- pellant was that he injured the dog, by then and there, etc., shooting and killing said dog. The injury charged was the killing of the dog, and unless the evidence showed, beyond a reasonable doubt, that the appellant killed the dog, the charge was not sustained, and he was entitled to a verdict of acquittal. The evidence showed that the appellant shot and wounded the dog, in the night time of one day, and that on the morning of the next day the dog was found dead, a short distance from the place where he had been shot. The instruction complained of authorized the jury to find the ap-

pellant guilty without regard to the question as to whether or not he killed the dog, and in this, it seems to us, the instruction was erroneous.

As our conclusion in regard to the instruction quoted will require the reversal of the judgment below, we deem it unnecessary, and perhaps unprofitable, for us to extend this opinion in the examination and decision of the numerous other questions presented and argued by the appellant's counsel. These questions may not arise, at least in their present form, on another trial of the cause, and therefore we pass them now without decision.

For the reasons given, we are of the opinion that the court erred in overruling the appellant's motion for a new trial.

The judgment is reversed, and the cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.