WILLIAM S. DICKERSON v. DAVID DICKERSON ET AL., APPELLANTS FROM AN ALLOWANCE AGAINST THE ESTATE OF ABRAHAM DICKERSON.

*Parent and child—Claim against estate for services and support—Proof of value—Special questions—Impeachment.*

A son is entitled to recover from his father's estate the value of his services in working his father's farm and in taking care of his parents until their death if his father applied to him to do these things and promised that he should have pay for his services and also, that after his death, he should have the farm, and if the value of the support and services exceeded the value of all he obtained from the farm, and no arrangement was made by which it really became his property.

Where a claim against an estate is made in reliance upon an alleged agreement that the claimant was to have had a part of the real estate for services rendered, it is not clearly error, if the agreement is disputed, to allow proof of the value of the land, where it bears on the probability of the agreement.

Inconclusive special questions are properly withheld from the jury.

A witness cannot be impeached on the ground that on a former trial he did not testify upon a particular point, though the fact could be commented on before the jury.

A husband's neglect to call his wife to prove his case when he might do so, is not necessarily suspicious, especially if he can sufficiently establish it by other witnesses.

Error to Wayne.    (Speed, J.)    Jan. 11.—Jan. 17.

APPEAL from allowance of claim against estate.    The appellants bring error.    Affirmed.

*J. Willard Babbitt* and *Moore & Moore* for appellants.

*S. W. Burroughs* and *J. W. Donovan* for claimant.

COOLEY, J.    The respondents represent the estate of Abraham Dickerson, deceased.    The subject-matter of the proceeding is a claim against that estate for the services of the claimant, who is a son of the deceased.

The case made by the claimant is that in 1874 his father, who then owned a small farm of thirty acres in the county of Wayne, worth perhaps $800, and who was quite aged, applied to the claimant to take charge of and work the farm and care for his father and mother, and promised if he would do so that he should have pay for his services, and also have the land at his death; that he complied with the request, worked the land and supported his father and mother until their deaths respectively; that during that time the value of his services and of the support furnished was largely in excess of the value of all he obtained from the farm, and that during his life-time the father made no disposition by will or otherwise whereby the farm became the claimant's property. On the proof of these facts the jury in the circuit court, to which the case had been taken by appeal, awarded to the claimant a verdict of nine hundred dollars.

If the facts were as the jury appear to have found them, the claimant was clearly entitled to recover the value of his services. *Van Fleet v. Van Fleet*, ante, p. 1. Some technical objections are taken, however, that require notice.

The court permitted the claimant to prove what the value of the land was. This was perhaps proper under the circumstances, as the agreement relied upon was disputed, and the value might have some bearing upon the probability of the agreement having been made.

The defense requested that a great number of special questions be put to the jury, for the purpose of determining the grounds of the recovery if there should be one. In the brief they are all summed up under three heads: 1. What was the value of the clothing furnished by the claimant for his father and mother? 2. What was the value of the provisions? 3. What was the value of the labor performed? Had these three questions been distinctly propounded it might have been proper for the court in its discretion to submit them to the jury, but instead of that, no less than forty-one in all were proposed, the answer to no one of which would have been conclu-

sive. The judge did right in declining to require the jury to answer them.

The case appears to have been twice tried in the circuit court. On the second trial the wife of the claimant gave evidence tending to prove the contract relied upon. The defense, on an assumption that the witness had never given that evidence before,—which they claimed was established,—requested the judge to call the attention of the jury to the fact. The judge, alluding to the fact, said: "I think she said that certain questions were not asked her, and therefore the proofs were not brought out;" and added: "I don't think it has any bearing upon her credibility, for of course if a person is not asked a question, they can not answer it."

The fact that the witness did not testify on the point before would be proper subject of comment to the jury, but would not be matter of impeachment. The failure to put questions to her on that subject might or might not be a suspicious fact, according to the circumstances. A party may sometimes very properly abstain from making his wife a witness to facts which he supposes he may sufficiently prove by others, and most persons, perhaps, would think it desirable to avoid as much as possible making the case depend upon the evidence of members of their immediate family.

We find no error in the record and the allowance must be affirmed with costs, and certified to the circuit and probate courts.

The other Justices concurred.