JAMES A. GEARTY, Appellant, v. THE MAYOR, ALDERMEN AND
COMMONALTY OF THE CITY OF NEW YORK, Respondent.

EVIDENCE — COMPETENCY — FAILURE OF OBJECTION TO POINT OUT
REAL GROUND OF INADMISSIBILITY.  In an action to recover a sum
deducted from the contract price of certain work performed for a munici-
pal corporation, as liquidated damages for delay in its completion, and
also to recover damages suffered by reason of certain work being, as
alleged, unlawfully and improperly required to be done a second time,
the admission in evidence of a letter, written to the plaintiff by the secre-
tary of the department of public works during the course of the work,
containing statements to the effect that the plaintiff was not doing the
work in accordance with the terms of the contract, that it was being
unnecessarily and unreasonably delayed, and that he was willfully vio-
lating the conditions of his contract, which letter had been withdrawn by
a subsequent communication and was not offered in evidence for the pur-
pose of showing notice, cannot be justified on the ground that it showed
the manner of performance of the work, the statements therein being
merely self-serving declarations made by officers of the defendant, *ex
parte*, and in no way binding upon the plaintiff; and the effect of the
error cannot be avoided on the ground that the plaintiff's objection did
not point out the real ground of its inadmissibility, where it appears that
the court was advised of the purport of the evidence and what was sought
to be proved by it, and, though the objection was placed upon the ground
of irrelevancy, its incompetency was clearly apparent.

*Gearty* v. *Mayor, etc., of New York*, 96 App. Div. 625, reversed.

(Argued November 22, 1905; decided December 5, 1905.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered June
28, 1904, affirming a judgment in favor of defendant entered
upon a verdict and an order denying a motion for a new trial.

On May 18th, 1895, the plaintiff entered into a contract
with the defendant to regulate, set curbstones and pave with
granite block the roadway of Transverse road No. 4, crossing
Central Park at 97th street from Fifth avenue to Central Park
West (8th avenue), in the city of New York.  The contract,
among other things, contained a provision that the pavement
should be laid upon a foundation of concrete composed of
one part of cement of a specified kind, two parts of clean

sharp sand and five parts of broken stone. It further pro-
vided that the work should be completed on or before the
expiration of 50 days from the time of commencement, and
if not completed within that time the city should have the
right to deduct $20 a day as liquidated damages for each day
consumed by the work beyond the time fixed for completion.
There were further provisions to the effect that the work
should be done to the satisfaction of the engineer in charge
of the work and that all defective work should be taken up
and replaced.

The city claimed that certain portions of the concrete did
not conform to the contract specifications and compelled the
plaintiff to take up and replace about 5,000 cubic yards
thereof. The work made necessary by the removal of this
alleged defective concrete, and the substitution of material
of proper kind, extended the time of the completion of the
contract beyond the 50 days fixed therefor.

The plaintiff claimed that the concrete furnished was of
proper character and that the city unlawfully compelled him
to remove the portions thereof in question. He further
claimed that the time consumed in doing the work beyond
the period fixed in the contract was made necessary by such
unlawful action on the part of the city in compelling him to
remove the alleged defective portion of the concrete and do
the work a second time.

The city deducted from the contract price the sum of $20 for
each of 22 days, being the length of time which it claimed the
plaintiff had taken beyond the period fixed for the completion
of the contract. The amount thus deducted was $440.

Two causes of action are set forth in the complaint. 1. To
recover the sum of $440 alleged to have been unlawfully
deducted by the defendant for the 22 days' overtime. 2. To
recover $10,000 for damages suffered by reason of certain
work being unlawfully and improperly required to be done
a second time.

Upon the trial the evidence was conflicting as to whether
the concrete which the plaintiff was compelled to remove con-

formed to the specifications of the contract. The issues were submitted to the jury, which rendered a verdict in favor of the defendant upon both causes of action, and the judgment entered upon this verdict was unanimously affirmed at the Appellate Division.

*L. Laflin Kellogg* and *Alfred C. Petté* for appellant. The trial court manifestly erred to the prejudice of the plaintiff in receiving in evidence the letter of the secretary of the department of public parks to the plaintiff, notifying him of the resolution of the park board to the effect that the work under the contract was being delayed and not being done in accordance with the terms of the contract, and directing him to discontinue all work thereunder. (*Larned* v. *Tillotson*, 97 N. Y. 1; *Thomas* v. *Gage*, 141 N. Y. 506; *Bank of British North America* v. *Delafield*, 126 N. Y. 410; *Ives* v. *Ellis*, 169 N. Y. 85; *Erben* v. *Lorillard*, 19 N. Y. 299; *Coleman* v. *People*, 58 N. Y. 555.)

*John J. Delany*, Corporation Counsel (*Theodore Connoly* and *Terence Farley* of counsel), for respondent. The erroneous admission of evidence, which is harmless, is not a valid reason for disturbing a judgment. (*Kennedy* v. *M., H. & F. Traction Co.*, 178 N. Y. 508.) The objection to the admissibility in evidence of the letter from the park department was insufficient in that it did not point out specifically the real ground of its inadmissibility. (*Carter* v. *N. Y. E. R. R. Co.*, 134 N. Y. 168; *Szuchy* v. *H. C. & I. Co.*, 150 N. Y. 219; *Butler* v. *M. & E. Pub. Co.*, 171 N. Y. 208; *Keough* v. *A. & T. S. Co.*, 171 N. Y. 635.) Assuming that the reception of the testimony was error, it was clearly harmless. (*Downs* v. *N. Y. C. R. R. Co.*, 56 N. Y. 664; *Ellwanger* v. *Fish*, 60 N. Y. 651; *Tenney* v. *Berger*, 93 N. Y. 524; *Thorn* v. *Turck*, 94 N. Y. 90; *Story* v. *W. M. M. B. A.*, 95 N. Y. 474; *McGean* v. *M. R. Co.*, 117 N. Y. 219; *West* v. *Van Tuyl*, 119 N. Y. 620; *Carman* v. *Pultz*, 21 N. Y. 547; *Reese* v. *Boese*, 94 N. Y. 623.)

WERNER, J.   The unanimous affirmance by the Appellate Division has foreclosed all questions upon this appeal, except those arising out of exceptions to rulings upon evidence and the charge of the trial court.   Two such questions are presented by the appellant, but we deem it necessary to consider only one of them, and that relates to the admission in evidence, on behalf of the defendant, of a letter written during the course of the work, by the secretary of the defendant's department of public works, to the plaintiff.   This letter reads as follows:

"I am directed to inform you of the adoption of the following resolution at a meeting of the board held this day: 'WHEREAS, this department entered into a contract with James A. Gearty, under date of May 18th, 1895, for regulating, paving, etc., the roadway of Transverse Road No. 4, Central Park; and

"'WHEREAS, it appears that the work under said contract is being delayed and is not being done in accordance with the terms of said contract; therefore,

"'*Resolved*, That the Commissioners of the Department of Public Parks are of the opinion and do certify in writing that said work is unnecessarily and unreasonably delayed, and that said contractor is wilfully violating the conditions of said contract, and that said work is not being done or progressing according to the terms of said contract.

"'*Resolved*, That the Secretary be directed to notify said contractor, pursuant to the provisions of said contract, to discontinue all work thereunder, and that the Commissioners of the Department of Public Parks will complete the work as therein provided.'"

When this letter was offered in evidence the counsel for the plaintiff objected to it and said: "I fail to see its relevancy. That is an effort to take advantage under a peculiar clause of the contract which allows them to take away the work.   No such notice has been stated.   No such notice has been acted upon at the time we were discussing this work."   The counsel for the defendant then said: "It is to show the manner of the plaintiff's performance.   It is one of the issues here."

The court overruled the objection, saying, "It may have some bearing on the penalty they imposed," and the defendant's counsel took an exception.

There was a clause in the contract which, so far as material to this discussion, provided that if the commissioners of the park department should be of opinion that the contractor was not performing the work in compliance with the contract, they could notify him in writing to discontinue work thereunder and complete the same themselves. This letter was evidently sent in pursuance of some design on the part of the commissioners to take advantage of this clause of the contract, but the record discloses that no such action was ever taken and that the plaintiff was permitted to complete the work.

It will be observed that the letter contains statements to the effect that the plaintiff was not doing the work in accordance with the terms of the contract; that it was being unnecessarily and unreasonably delayed, and that he was willfully violating the conditions of the contract. The letter was not offered in evidence for the purpose of showing notice and had in fact been withdrawn by a subsequent communication. Its admission in evidence was attempted to be justified on the ground that it showed the manner of performance, and the learned trial judge evidently so understood it, as he said it might have some bearing on the penalty imposed for failure to proceed with the work in the time specified by the contract. In this view of the case it is obvious that the statements in the letter were merely self-serving declarations made by officers of the defendant who assumed to characterize and determine the manner of plaintiff's performance of the work under the contract. They were *ex parte* statements in no way binding on the plaintiff and were clearly inadmissible. (*Bank of British North America* v. *Delafield*, 126 N. Y. 410 ; *Austin* v. *Bartlett*, 178 N. Y. 310 ; *Larned* v. *Tillotson*, 97 N. Y. 1 ; *Thomas* v. *Gage*, 141 N. Y. 506.)

The learned counsel for the respondent seeks to avoid the effect of this error by claiming that the objection made by the plaintiff's counsel did not point out to the court the real

ground of its inadmissibility. The colloquy which occurred between counsel and court at the time of the admission of the letter indicates quite clearly, we think, that the court was advised of the purport of the evidence and what was sought to be proved by it. While the objection was placed upon the ground of irrelevancy, its incompetency was clearly apparent. (*M. Groh's Sons* v. *Groh*, 177 N. Y. 8, 15.) Nor can we properly say that the evidence was harmless. The trial was before a jury and these statements coming from the officers of the city may have had considerable weight with the jury. The burden is on the respondent to show that the reception of the letter was harmless and this he has failed to do. (*Foote* v. *Beecher*, 78 N. Y. 155 ; *Jefferson* v. *N. Y. E. R. R. Co.*, 132 N. Y. 483, 486 ; *People* v. *Strait*, 154 N. Y. 165, 171.)

The judgment should, therefore, be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., O'BRIEN and BARTLETT, JJ., concur ; GRAY, HAIGHT and VANN, JJ., dissent.

Judgment reversed, etc.