## Benge's Administrator v. Creech.

(Decided March 23, 1917.)

### Appeal from Clay Circuit Court.

1. Trial—Defenses—Instructions.—A defense, of which notice is not given by the answer, should not be submitted to the jury by an instruction.

2. Executors and Administrators—Services Rendered Decedent—Evidence.—In an action to recover for services rendered under a contract to be paid for by a testamentary provision, where the testamentary provision was not made, it is error to admit proof of the value of the estate of the intestate, as the value of the services is all that can be recovered, and this is not measured by the value of the estate.

RAWLINGS & WRIGHT for appellant.

FAULKNER & FAULKNER, H. C. FAULKNER, H. C. FAULKNER, JR., J. W. STIVERS, D. W. WHITE, W. A. STANFILL and W. E. FAULKNER for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This is the second appeal in this case. The opinion upon the first appeal may be found in 163 Ky. 796. The case upon the first trial was tried at the same time with the case of Kitty Fouts against E. J. Benge's Administrator, as the cases involved substantially the same facts. The plaintiffs in each of the cases sought a recovery against the personal representative of E. J. Benge, deceased, for services rendered the intestate under an alleged contract with the intestate to the effect that in consideration of the services rendered her by the plaintiffs, that she would compensate them by a testamentary provision for their benefit. The will, she promised to make toward the end of her life, but she died without having made a last will and testament, and without having made in anywise any provision for the compensation of appellee for the services. The first trial resulted in a judgment in favor of the appellee, Ann Creech, for the sum of seven thousand five hundred dollars. Upon an appeal to this court the judgment was reversed and the cause remanded for a separate trial and for proceedings consistent with the opinion. Upon the second trial of the case a verdict was returned and a judgment rendered in favor of appellee for the sum of four thousand dollars. The appellant seeks a reversal of this judgment upon the following grounds:

First: The amount allowed by the jury is excessive.

Second: The verdict is contrary to the law given by the court, and is contrary to the evidence and is not supported by it.

Third: The court misinstructed the jury and refused to properly instruct it.

Fourth: The court erred in the admission and rejection of testimony.

Fifth: The evidence did not establish a contract on the part of E. J. Benge to make a will.

Sixth: Upon the whole case, the appellant has not had a fair trial.

Since the former appeal, in this case, and of the case of Kitty Fouts against E. J. Benge's Administrator, the last named case has undergone another trial in the circuit court and was brought by appeal the second time to this court, and the opinion in that case may be found in 174 Ky. 654. The facts of this case may be gathered in the opinion on the former appeal of Benge's Administrator against Fouts, and Benge's Administrator v. Creech, 163 Ky. 796, and the opinion in the case of Benge's Administrator against Fouts, 174 Ky. 654, and it is unnecessary to reiterate them here.

(a.) The contention that the evidence was not sufficient to prove the existence of a contract between appellee and intestate, whereby it was agreed that in consideration of the rendition of the services sued for by appellee for intestate, intestate would pay her therefor by a testamentary provision for her benefit, is substantially the same as was offered to prove the making of such contract in Benge's Administrator v. Fouts, *supra,* and in Benge's Administrator v. Creech, *supra,* wherein the facts are considered, and in the first named case it was held that the evidence was sufficient to establish the contract, if true, and its truth was a question for the jury.

(b.) The contention that the verdict of the jury is contrary to the law given by the court is based, as is gathered from the briefs, upon the argument that the instructions limited the jury to finding for appellee such a sum as would reasonably compensate her for the services rendered by her for intestate, and that instead of so doing the jury allowed her a much larger sum. This argument relates to the insistence that the damages allowed were excessive and will be considered when that ground of reversal is considered.

(c.) The instructions in a civil case should be confined to the issues made in the pleadings and such as are supported by any evidence. A defense should not be submitted by an instruction when notice is not given by the answer that such a defense will be relied upon. Mathis v. Bank of Taylorsville, 136 Ky. 634; Owensboro Wagon Co. v. Boling, 32 R. 816; Bauer Cooperage Co. v. Shelton, 114 S. W. 257; Louisville Railway Co. v. Park, 96 Ky. 580; C. & O. Ry. Co. v. Vaughn, 115 S. W. 217. In the instant case, the petition and amended petition set out the con-

tract, which was alleged to have been made between the appellant and decedent, that the services for intestate were rendered under the contract and of what they consisted and their value and the expectation upon the part of appellee to receive and upon the part of the intestate to pay for the services, at the time they were rendered, and in the manner set out in the alleged contract. The answer presented only a simple traverse of the allegations of the petition and amended petition, and a plea of the statute of limitations. No affirmative defense was relied upon. The instructions submitted to the jury for its decision the issue as to whether or not the contract was made, and whether the services were rendered under the contract and received with the expectation on the part of both appellee and intestate at the time that they would be paid for, at the time and in the manner as provided by the contract, and if such was the fact, the jury was directed to find for the appellee the cash value of the services, at the time and place of their rendition. The converse of this instruction was, also, given. These instructions submitted the issues in the case, which were made by the pleadings and supported by the evidence. The appellant offered two instructions, which were rejected. One was substantially embraced in the instructions given, but the other directed the jury that if it believed that the contract was that appellant was to serve intestate during her lifetime and not to marry, and that she did marry and left her service, to find for appellant. Notice of such a defense as set out in the offered instruction was not given in the answer, and hence its rejection was not error.

(d.) Witnesses were offered by appellee, who gave testimony to the effect that on different occasions the intestate made declarations to the effect that she was going to make a will and to give her property to the appellee and the other two women, who had worked for her and helped her to make the property, and had nursed her in her sickness. It was, also, proven that intestate had said that she intended to give her farm to appellee, and the witness was permitted to state what, in his opinion, was its value at the time the declaration was made. The proof of these declarations was objected to, and appellant complains of it as prejudicial. These declarations were competent as tending to prove that the services of appellee were rendered under a promise by intestate that they were to be paid for by a provision in her will, and the further fact that intestate recognized the obli-

gation, though they would not be sufficient, by themselves, to prove the existence of the contract. It was, however, error to admit proof of the value of the farm, because the amount which appellee was entitled to recover did not rest upon the value of the estate, but the value of her services, at the time and place of their rendition, was the criterion by which the jury should have been guided. McGrew's Ex'tr v. O'Donnell, 92 S. W. 301. The admission of the proof of the value of the farm was not, however, prejudicial, as the appellant, himself, over the objection of the appellee, introduced proof, not only of the value of the real property of intestate, but the value and amount of all the personal estate left by intestate at her death. However, the verdict does not indicate that it was influenced in anywise by the value of the estate or the value of the real property, as the proof introduced by appellant shows the estate to have been worth at the death of intestate in excess of the sum of twenty-five thousand dollars.

(e.) The appellant offered to prove the same declarations of intestate, of her intentions, in regard to the disposition of her property, though not made, however, in the presence or hearing of appellee, as were offered in the trial of the action of Fouts v. Benge's Administrator, and which were considered upon the appeal of that case. The trial court rejected the proof of the declarations and its action was approved in Benge's Administrator v. Fouts, 174 Ky. 654, supra, and the ruling is adhered to for the reasons therein expressed.

(f.) The jury by its verdict found the value of appellee's services for the nearly nineteen years she lived with and served the intestate to be thirty-three hundred dollars. They allowed nothing for the remainder of the service performed by her, except for the nursing of intestate during the years 1909, 1910, and 1911, at the home of appellee. For the latter item, they allowed her the sum of seven hundred dollars. The allowance in this instance is complained of as being excessive, as well as the other. In regard to the latter item, the proof shows that at intestate's request she took intestate to her home where she remained, at one time, for two hundred and thirty-one days and at another for one hundred and eighty-nine days, at the end of which she died. The evidence shows that during these periods she was very sick and suffered and required and received the constant attention of appellee both day and night, and that

such services at the customary prices were reasonably worth from two dollars and fifty cents to four dollars per day. The amount allowed by the jury was less than the services would amount to at the lowest price shown by the evidence the services to be worth. The thirty-three hundred dollars was allowed for nearly nineteen years of continuous service, and which consisted of work, which is ordinarily done by both men and women. The appellee is shown to have worked very faithfully and industriously and to the best interest of her employer, and there is no contradiction of these facts. She kept the house, washed the clothing, made the fires, did the cooking, assisted in the store, and did all kinds of farm work ordinarily done by men, except plowing; milked, churned, fed and attended the stock, which sometimes consisted of twenty-five or thirty head of horses, with cattle, sheep and hogs, and that these services engaged her attention continuously both early and late. She seems to have done this work until Kitty Fouts relieved her of the cooking and house work to a large extent, after which the appellee devoted her time almost entirely to the farm work. Evidence of the value of the ordinary household duties performed by a woman ranges from fifty cents to one dollar and twenty-five cents per week, and the hire of a woman to hoe corn from twenty-five cents to fifty cents per day, while there is evidence to the effect that all the services of every kind performed by appellee were of the value at least of one dollar per day. Considering the whole of the evidence, the finding does not at first blush strike the mind as being so excessive in amount as to have been superinduced by passion or prejudice.

The judgment is, therefore, affirmed.