## Holtzclaw, et al. v. Spears, et al.

(Decided January 25, 1918.)

### Appeal from Lincoln Circuit Court.

Trial—Instructions.—When an issue of fact is being tried before a jury, and there is evidence which conduces to prove the affirmative of the issues, and, also, evidence conducing to disprove the affirmative of the issue, it is the duty of the court to submit the decision of the issue to the jury, under proper instructions.

K. S. ALCORN for appellants.

J. S. OWSLEY for appellees.

OPINION OF THE COURT BY JUDGE HURT—Affirming

This action was instituted by Woodford and Gatesby Spears, partners, doing business under the firm name of E. F. Spears and Son, against J. Sam Holtzclaw and A. W. Holtzclaw. The cause of action alleged in the petition was, that the appellants, J. Sam Holtzclaw and A. W. Holtzclaw, were partners and as such were the owners of one-half of the hemp grown on sixty-five acres of land during the year 1915, and that the appellants, through J.

Sam Holtzclaw, as one of the partners, made a contract with the appellee, by which they sold and agreed to deliver their portion of the hemp, which was grown on the sixty-five acre tract of land, to appellee, at its warehouse, in Stanford, Ky., and for which appellee agreed to pay the appellants $9.30 per hundred, for the good hemp in the crop, and one-half that sum for the tow, and that appellants violated this contract by failing and refusing to deliver the hemp, as they had contracted to do, but, instead, had sold it to other parties for twelve cents, per pound, for the good hemp and one-half that sum for the tow, and that the market price for such hemp, at the warehouse of appellee, in Stanford, at the time it should have been delivered, under the contract, was thirteen cents, per pound, for good hemp, and one-half that sum for the tow, and that appellee had thereby suffered damages in the sum of $1,530.50. The appellant's defense was a denial that they were partners, or as partners, were the owners of the one-half interest in the sixty-five acre field of hemp, but, that the interest in controversy in the sixty-five acre field of hemp was owned by the appellant, A. W. Holtzclaw, and one Nolan, and for such reason that J. Sam Holtzclaw had no authority to sell it to the appellee, and that the owners of it, A. W. Holtzclaw and Nolan, were not parties to the contract. The issue was thus directly made as to the ownership of the hemp by the appellants, as partners, and the evidence in the case was largely directed to that issue. The question of partnership was submitted to the jury under an instruction, which in substance directed the jury, that if it believed from the evidence, that the appellants were partners and as such, owners of the hemp raised upon the sixty-five acre tract of land, and that J. Sam Holtzclaw entered into a contract, by which they sold and agreed to deliver the hemp to the appellee, at the time and place stated in the contract, and for the price alleged, and failed to do so, to find for the appellee the difference between the contract price and the market price, at the time and place of delivery, but, if the jury did not believe that the partnership existed, or that the contract was made to sell and deliver the hemp, to find for the appellants. By a second instruction, the jury was directed, that if it should believe from the evidence, in substance, that J. Sam Holtzclaw, at the time the contract was made, was not the owner of any interest in the sixty-five acre

tract of hemp, but owned an interest in a certain other one hundred and five acre tract, and that his contract only embraced a sale of his interest, then it should find for the appellants. The result of the trial was, that the jury found a verdict for the appellees for the sum of $1,045.93, and a judgment was rendered in their favor for the recovery of that sum, in accordance with the verdict of the jury. The appellants' motion for a new trial having been overruled, they have appealed to this court, and urge as a ground for reversal, that the court erred to their substantial prejudice by giving the first instruction mentioned, over their objection. The objection urged to the giving of the instruction is, that, while the issue as to whether or not the appellants were partners, and as such, were the owners of the hemp in controversy, was sharply made in the pleadings, there was no evidence offered to sustain the averment, that they were partners, and for that reason the court should not have submitted the issue to the jury. It is true, that where the affirmative of an issue made in the pleadings is not supported by evidence and the sustaining of such affirmative is necessary to the support of the action, the court should not submit the decision of such an issue to the jury. Benge's Admr. v. Creech, 175 Ky. 8; Bauer Cooperage Co. v. Shelton, 114 S. W. 257; Louisville Railway Co. v. Park, 96 Ky. 580; Mathis v. Bank of Taylorsville, 136 Ky. 634. The evidence relied upon to prove the existence of a partnership consists of declarations, acts and conduct of the two appellants, and they were such as authorized the jury to infer, that the partnership existed. The rule, which provides, that where an issue of fact is made, in a cause before a jury and there is evidence, which conduces to prove the affirmative of the issue, and, also, evidence, which conduces to disprove the affirmative of such issue, it is as imperatively the duty of the court to submit the issue, under proper instructions, to the jury, as it is to refuse to submit the issue when there is no evidence tending to prove the affirmative of it.

It is also, insisted that the instruction was erroneous, in that it did not confine the issue, to be decided by the jury, to the fact, that the appellants, as partners, were owners of the hemp in controversy, at the time the contract for its sale to appellee, that is relied upon, was made, and that in as much as the evidence for the appellants showed that at the time the contract relied upon

with appellee was made, J. Sam Holtzclaw did not own any interest in the sixty-five acre tract of hemp, but thereafter became the joint owner of it with A. W. Holtzclaw by a purchase from Nolan, the jury might have concluded that they were authorized to find a verdict for appellee, because of the after acquired interest in the hemp by J. Sam Holtzclaw. The second instruction, however, directed the jury, that if, at the time J. Sam Holtzclaw made the contract with appellee that is relied upon, that he owned no interest in the sixty-five acre tract of hemp, that the finding should be for the appellants. Under these instructions, it does not seem that there was any possibility for the jury to have been misled, as there was only one contract ever proven between J. Sam Holtzclaw and the appellee, and that was the one relied upon for their cause of action.

The judgment is, therefore, affirmed.