## PLANK, EXECUTOR, v. COMBS.

[No. 12,404.    Filed April 8, 1926.]

1. EXECUTORS AND ADMINISTRATORS.—*Reasonable pay for services rendered implied where will provided for payment but fixed no amount.*—Where a testator provided in his will that a named person should be paid for personal services rendered the former, but fixed no amount to be paid, the law implied a promise to pay the reasonable value of the services.    p. 448.

2. EXECUTORS AND ADMINISTRATORS.—*Evidence of value of decedent's estate in the trial of claim for personal services rendered decedent was reversible error.*—In proving a claim against a decedent's estate for the value of personal services in nursing and taking care of the decedent in a serious illness, it was reversible error to admit evidence as to the value of decedent's estate.    p. 448.

3. TRIAL.—*Objection to admission of evidence on the ground that it was immaterial and irrelevant held sufficient when clearly incompetent on the issue being tried.*—The rule that an objection to offered evidence on the ground that it is immaterial, irrelevant and does not tend to prove any issue in the case is too indefinite to present any question is not applicable where the evidence appears on its face to be incompetent. p. 449.

4. TRIAL.—*Objection that offered evidence was immaterial, irrelevant and did not tend to prove the issue in the case was sufficiently specific.*—Where the sole issue at the trial was the value of personal services rendered by claimant to a decedent, an objection to evidence as to the value of his estate that it was immaterial, irrelevant and did not tend to prove any issue in the case was sufficiently specific.    p. 449.

5. EXECUTORS AND ADMINISTRATORS.—*Where claimant recovered more than sixteen dollars a day for services of himself and wife in nursing and caring for an old man in his last illness, admission of evidence as to value of his estate cannot be held harmless.*—Where a claimant against an estate for the value of personal services rendered the decedent by the claimant and his wife in nursing and caring for the decedent during his last illness recovered a verdict and judgment for more than sixteen dollars a day for the entire time the services were continued, an appellate tribunal could not say that the admission of testi-

mony as to the value of his estate was harmless, the claim not being for professional nursing but such as a farmer and his wife would render to an invalid living with them and who was not bedridden much of the time. p. 450.

From Steuben Circuit Court; *William P. Endicott,* Judge.

Claim by Ova E. Combs against the estate of Daniel Dague, Harvey C. Plank, executor. From a judgment for the claimant, the executor appeals. *Reversed.* By the court in banc.

*John W. Hanan, Solon B. Sellick, Alphonso C. Wood, Luke H. Wrigley* and *Duff & Duff,* for appellant.

*Dunten & Dunten, Clyde C. Carlin* and *Elias D. Salisbury,* for appellee.

REMY, J.—Daniel Dague leased his farm to appellee, it being agreed, among other things, that appellee was to take possession of the farm, including the dwelling house located thereon, the house to be occupied by appellee and his family; that Dague was to retain one upstairs room of the house which was to be occupied by him; and that appellee was to board Dague and do his laundry work, Dague to pay for his board the sum of twenty cents per meal and ten dollars a year for laundry service. During the time covered by the lease, Dague's health failed, he became an invalid, and for a period of about seven months, and until he died, his physical condition was such as to require extra care and attention, much of which was of a very disagreeable and unpleasant nature. A part of the time after Dague lost his health, he was in a hospital, but for a period of 181 days, he was cared for by appellee and his wife, most of which time he did not occupy the room reserved for himself by the lease contract, but occupied a room adjoining the bed-room of appellant and his wife. Soon

after his death Dague's will was probated, and appellant having been appointed executor, appellee filed a claim of $4,027.27 against the estate for the services rendered. Payment was resisted, and a trial resulted in a judgment for $3,000, from which this appeal is prosecuted.

Action of the court in overruling motion for a new trial is assigned as error.

By his will, which was executed during his illness, Dague made provision for payment for the services rendered by appellee in caring for him, but did not

1, 2. fix the amount to be paid. Under such circumstances, the law implies a promise to pay the reasonable value. On the trial, it was conceded by the executor, appellant here, that appellee was entitled to recover the reasonable value of the services rendered, and the question as to what was the reasonable value was the only issue presented to the jury for its determination. A witness for appellee was permitted, over appellant's objection, to testify that testator's farm was of the value of eighty dollars per acre. The action of the court in admitting this testimony was assigned as a reason for a new trial, and is properly presented for review by this court. It is sometimes proper in submitting evidence in support of a claim for services rendered a decedent, to prove the value of the estate. If, for example, there was a controversy as to whether the decedent had agreed to compensate the claimant. In such a case, the evidence is admitted, not to prove the value of the services, but to prove that there was a contract, it being more probable that, having the means, the decedent agreed to remunerate the claimant. *Dickerson v. Dickerson* (1883), 50 Mich. 37, 14 N. W. 691. Again, if the claim in litigation is for services in caring for the property as well as the person of the decedent, the extent of the decedent's property may be shown for the obvious reason that such evidence would tend to

prove the value of the services. *Gall* v. *Gall* (1898), 27 App. Div. 173, 50 N. Y. Supp. 563; *Horne* v. *McRae* (1898), 53 S. C. 51, 30 S. E. 701. When, however, as in the case at bar, the sole question is the value of services for nursing and personal care, the value of the estate of the decedent is inadmissible. *Benge* v. *Creech* (1917), 175 Ky. 6, 192 S. W. 817; *Robinson* v. *Campbell* (1878), 47 Iowa 625; *Robbins* v. *Harvey* (1824), 5 Conn. 335. As was stated by the Supreme Court of Kentucky, in *Benge* v. *Creech, supra,* a case in all respects the same as the case at bar: "It was, however, error to admit proof of the value of the farm, because the amount which appellee was entitled to recover did not rest upon the value of the estate, but the value of her services, at the time and place of rendition, was the criterion by which the jury should have been guided."

When the evidence as to the value of the farm was offered by appellee, the only objection made by appellant as to its admissibility was that the evidence **3, 4.** was immaterial, irrelevant and did not tend to prove any issue in the case. It is now contended that the objection was too indefinite to present any question, and that the error, if any, is not available to appellant. The rule urged by appellee has its exception. It has many times been held by this and the Supreme Court that the rule that an objection, in form as was made by appellant in this case, is not applicable where the evidence shows on its face that it is not competent. *Glenn* v. *Clore* (1873), 42 Ind. 60; *McVey* v. *Blair* (1856), 7 Ind. 590; *Kinsman* v. *State* (1881), 77 Ind. 132; *Hubbard* v. *Ranje* (1912), 52 Ind. App. 611, 98 N. E. 314; *Gearty* v. *Mayor, etc.* (1905), 183 N. Y. 233, 76 N. E. 12. As is correctly stated by the Supreme Court in *Underwood* v. *Linton* (1876), 54 Ind. 468: "The rule requiring objections to evidence to be pointed out

ceases with the reason for it." In the case at bar, the only issue for determination by the jury was the value of the services performed for the testator in the care of his person. The record shows that the trial court, at the time he made the ruling, was fully advised that no other issue was being tried. Under such circumstances, what objection could have been made that would have been more specific, and more enlightening to the court, than the objection that the evidence did not tend to prove the one issue for trial? See, Watson, Revision Works' Practice §1438. We hold that, under the facts as shown by the record in this case, the trial court, at the time the evidence was offered, was fully advised as to the issue for trial and as to the purport of the offered evidence, and that the objection to the introduction of the evidence was sufficiently specific.

With the state of the record as it is, we cannot say that the evidence as to the value of the farm was harmless. Without entering into a discussion of the

5.  evidence, we are justified in saying that taken as a whole the evidence is unsatisfactory, and that the amount of recovery, which was more than sixteen dollars per day, seems large. The claim is not for professional nursing. The services rendered are such as a farmer and his wife would render to an invalid living with them, and being cared for by them in their home. The testator was not bedridden much of the time. On the contrary, he was up and about the house and premises, and able to eat at the table with the family most of the time; occasionally went with appellee in an automobile, and, on two or three occasions, drove his own machine to a nearby town. Testator's physician, who saw him frequently, and who of all the witnesses who testified must have known most about the character of the services required, placed the value at less than half that fixed by the jury.

We do not deem it necessary to consider other questions presented. It is sufficient to say that the errors and irregularities shown by the record and which are not discussed in this opinion, are such as are not likely to be repeated if another trial of the cause becomes necessary.

Reversed.