HUSSEY & WIFE v. ELROD & WIFE.

1. In an action brought to recover damages for an assault and battery, by the wife of the defendant, on the wife of the plaintiff, the admissions of the wife of the former cannot be given in evidence to charge her husband.

Error to Talladega Circuit Court.

THIS was an action of trespass, brought by the plaintiffs against the defendants, to recover damages for an assault and battery, by the wife of the defendant, on the wife of the plaintiff. The defendant obtained a verdict and judgments.

By a bill of exceptions in the record, it appears that the plaintiff offered to prove the assault and battery by the confessions or admissions of the wife of the defendant, which the Court rejected, and to which the plaintiff excepted.

CHILTON for the plaintiff in error.
WM. B. MARTIN contra.

ORMOND, J.—The general rule of law is, that husband and wife cannot be witnesses, either for or against each other, either in civil or criminal proceedings. The rule is founded on the identity of their interest, and because it is necessary to guard the security and confidence of private life, which would be constantly invaded, if the married pair, in this respect, stood towards each other, as they do towards the rest of the world. It would seem to follow that, as the wife cannot give evidence so neither can she charge her husband by an admission; for that would let in all the mischief which the rule is designed to prevent. It was so held in the case of Denn vs. White and wife, 7 Term. Rep. 112, and Hawkins vs. Halton and wife, 2 Nott & McCord 374. The admission of a wife, during coverture, of a debt due before marriage, is not admissible as evidence against the husband. [1 Halst. Rep. 366.]

There is no error in the judgment of the Court below, and it is therefore affirmed.