Sullivan, J.
Lasselle brought an. action of assumpsit, before a justice of the peace, against Brown and wife for goods sold and delivered to the wife while sole. Plea, non assumpsit. The Circuit Court gave judgment for the plaintiff below. At the trial, the Court permitted the plaintiff to prove admissions made by the wife after her marriage with Brown, that the account on which the suit was brought was “just.” The admissibility of this testimony constitutes the only question in the case necessary to be examined.
We think the testimony ought not to have been received. As a general rule, husband and wife can not be witnesses for or against each other. There are exceptions to the rule, as for example, where the wife acts as the agent of her husband, her admissions made at the time may be received tó bind the husband; but this case does not come within them. Ifj from the necessity of preserving the peace of families, the wife could not be received as a witness on the trial to the injury of her husband, it follows that her declarations to his injury are equally inadmissible.
In Kelly v. Small, 2 Esp. Rep., 716, it was decided that in an action brought by the husband and wife for a debt due to the wife while sole, any admission respecting it, made by the wife after her marriage, is inadmissible as against her husband. And in the case of Alban and wife et al. v. * Pritchett, 6 T. R., 680, which was an action by husband and wife in right of the wife as executrix, the Court would not permit the defendant to give evidence of the declarations of the wife affecting her husband’s interests. The Court said he had an interest in the cause, and that could not be prejudiced by any act or by the evidence of the wife; that it was immaterial whether his right was or was not jure uxoris; it was still his right. To the same effect is the case of Hall v. Hill et ux., 2 Strange, 1094.
The principle is the same, whether the suit be brought by the husband and wife or against them. The declarations of *157 tbe wife in either case affect the husband’s interests injuriously, and can not be received. (1)
H. Cooper, for the plaintiffs.
R. A. Braohenridge, for the defendant.
The objection made by the defendants at the trial to the sufficiency of the cause of action, was correctly overruled by the Court.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.

 Accord. Barron v. Grillard, 3 Ves. & Beam., 165; The City Bank v. Bangs et al., 3 Paige, 36.