## UNDERWOOD *v.* LINTON.

INSTRUCTIONS.—If instructions which are asked and refused do not contain any propositions but such as are fairly embraced in charges given, there is no error in refusing such instructions.

EVIDENCE.—*Husband and Wife.*—*Letter Written by Wife.*—In an action for debauching the wife of the plaintiff, a letter from the wife of the defendant to the wife of the plaintiff, not shown to have been written by the authority of the defendant, is inadmissible as evidence against the defendant.

From the Hamilton Circuit Court.

*D. Moss, F. M. Trissall, T. J. Kane,* and *A. F. Shirts,* for appellant.

*G. H. Voss,* for appellee.

DOWNEY, C. J.—The complaint in this case, which was by the appellee against the appellant, alleges that the defendant contriving and intending to injure the said plaintiff, and to

Underwood *v.* Linton.

deprive him of the fellowship of Matilda Linton, the wife of said plaintiff, and to alienate her affections from said plaintiff, did, on the 20th day of April, 1870, and on divers other days and times between that day and the commencement of this suit, wilfully and unjustly debauch and carnally know the said Matilda Linton, then and there and still being the wife of said plaintiff, whereby the affections of the said Matilda Linton for the said plaintiff were then and there alienated, and the said plaintiff hath hitherto lost and been deprived of the society, comfort, aid, and assistance of his said wife in his domestic affairs, to the damage of said plaintiff ten thousand dollars; wherefore, etc.

The defendant answered by a general denial of the complaint. A trial by jury terminated in a verdict for the plaintiff. The defendant moved the court for a new trial, which motion was overruled, and the defendant put the evidence and instructions in the record by bill of exceptions. Final judgment was rendered for the plaintiff. The defendant appealed, and has here assigned as error the overruling of the motion for a new trial.

Recurring to the written motion for a new trial, we find the reasons therefor stated as follows: 1. The court erred in giving the first, second, third, and fifth charges to the jury, which were excepted to by the defendant at the time. 2. The court erred in refusing to give to the jury the first, second, fourth, and fifth charges asked by the defendant, to which refusal the defendant at the time excepted. 3. The court erred in permitting the plaintiff to introduce in evidence on said trial the letter signed "Sarah," claimed by the plaintiff to have been written by the wife of the defendant, to which ruling of the court defendant at the time excepted. 4. That the verdict of the jury is not sustained by sufficient evidence.

After an examination of the evidence in the bill of exceptions, we are of the opinion that it is such that we would not be warranted in reversing the judgment, on the ground that the evidence was not sufficient to sustain the verdict of

the jury. The evidence on the part of the plaintiff consisted almost entirely of his own testimony, but he testified that he saw the defendant and the plaintiff's wife in the act of sexual intercourse, and also testified to other circumstances from which a criminal intimacy between the defendant and the plaintiff's wife might probably have been inferred. On the other hand, the defendant positively denied having been guilty of the alleged criminal intercourse, and there were circumstances tending to confirm his statements. Each party in turn gave evidence of his good moral character and character for veracity.

We have examined the charges given by the court, and do not find any valid objection to them. The charges which were asked by the defendant, upon comparison of them with the charges given, do not appear to us to contain any propositions not fairly embraced in the charges given.

The letter signed "Sarah" reads as follows:

DEAR MATILDA:—I am so glad thee let Emma come here last night. They seem to enjoy themselves together so well. Do let them come oftener. It seems like old times to have them. O, we used to have such happy times! It seems so hard to think we can not be together once in a while again. Don't thee think it does? I wish we could live like we used to. Don't thee? I hope there is a better time coming. We must try to live in hope, if we die in despair. But do let the children come. If thee don't, I fear your staying away will be noticed. Don't thee think it will?

"As ever, thy friend,

"SARAH."

The evidence shows, we think, that the letter, which was read as rebutting evidence, was written and sent by the wife of the defendant to the wife of the plaintiff. It has no date. It was sent and received in July, 1870. There was no objection to its authenticity. Counsel for appellee says no objection to its introduction was pointed out to the court. The bill of exceptions says: "And be it further remembered that the defendant, when the plaintiff offered to intro-

duce the letter signed 'Sarah,' contained in the foregoing evidence, purporting to have been written by the wife of the defendant to the wife of the plaintiff, objected to the introduction of said letter, for the reason that said letter was incompetent and inadmissible evidence in said case as against him, said defendant," etc.   Counsel further contends that the letter was admissible, on the ground "that the defendant had sworn that the plaintiff and his family, upon a certain Sunday, had been visiting his house without any invitation and imposed themselves upon him, and that he was mad about it; at the same time he swore that he allowed his wife to invite company.   Now his wife, by this very letter had invited plaintiff and his family in the most pressing manner to visit them; wherefore the letter was legally and justly admitted."

We think the objection to the admissibility of the letter, as evidence against the defendant, was sufficiently pointed out; and we think also, that the letter was improperly admitted as evidence against the defendant.   The letter contains no invitation to the plaintiff to visit the house of the defendant, or for his wife to do so.   The mere fact that the defendant testified that he allowed his wife to invite company to their house, can not be construed into an authority to write this particular letter, which contains matter other than an invitation.   The fact that the writer was the wife of the defendant did not of itself make her letters admissible as evidence against him.   It is a general rule that the declarations or admissions of the wife are not legal evidence for or against the husband.   But if the husband has expressly or impliedly made his wife his agent, her declarations or admissions, in regard to matters within the scope of her authority, are admissible against him.   *Casteel* v. *Casteel*, 8 Blackf. 240; *Lasselle* v. *Brown*, 8 Blackf. 221; *Brown* v. *Lasselle*, 6 Blackf. 147.   We regard the letter as hearsay, and therefore inadmissible against the defendant.   When the evidence properly admitted was so nearly balanced, as it seems to have been, this letter may have turned the scale, in the esti-

mation of the jury, against the defendant. There are some other circumstances that we need not particularly mention, which conspire to render us dissatisfied with the result of the case in the circuit court.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.