CHARLES LEONARD *vs.* NELLIE K. GREEN and Husband.

June 20, 1883.

**Error in Discretionary Order.**—Upon a motion addressed to the discretion of the court, an order which would have been sustained, if made in the exercise of discretion, is erroneous if made upon an incorrect apprehension of the law, and without the exercise of such discretion.

**Purchase by Husband in Wife's Name—Trust in Favor of Creditors— Interest of Husband.**—When an insolvent debtor procures a conveyance of land purchased to be made to his wife, the husband himself paying the purchase price, no trust results in favor of the latter, but the title vests in the wife, subject only to the rights of creditors of the husband. As to them she is to be deemed (unless a fraudulent intent is disproved) to hold the title in trust, and subject to be applied in satisfaction of their debts.

**Same—Suit by Creditor—Husband not a Necessary Party.**—In an action by a creditor of the husband to enforce this trust in his favor, and to subject the land to the extent of the wife's interest therein to the satisfaction of his judgment against the husband, the latter is not a necessary party.

**Same—Witness—Husband and Wife.**—In such an action, the husband not being a party, the wife would be a competent witness for the plaintiff without the husband's consent.

The complaint in this action, brought in the district court for Ramsey county, alleges that plaintiff is a judgment creditor of defendant Joseph C. Green, (husband of the other defendant,) that his judgment was docketed December 8, 1876, and that execution on the judgment has been returned unsatisfied; that after the docketing of the judgment, several described pieces of land were conveyed to defendant Nellie K. Green, for specified valuable considerations, by persons named; that for five years last past the defendant Joseph C. has been insolvent, and has conducted his real-estate business in the name of his wife, with intent thereby to prevent the collection of plaintiff's judgment and other debts, and to hinder, delay and defraud plaintiff and his other creditors; that defendant Joseph C. furnished and paid all the consideration for each of the conveyances before mentioned, and his wife furnished or paid no part of it, and that she has been knowing and privy to all his said fraudulent intent; that defendant Joseph C. purchased and paid the consideration for all said real property, and procured the conveyance thereof, with intent to place the title thereto in his wife's name, beyond the reach of legal process against him, and with the mutual understanding between them that she should hold such title upon a secret and fraudulent trust for him, and convey the same whenever he should dispose of it, and hold the proceeds for his use and benefit, and subject to his order, all which was done by them with intent on their part to cheat and defraud the plaintiff and other creditors of defendant Joseph C., and prevent them from collecting their demands by law; and that she still holds all such real estate as aforesaid and not otherwise.

The relief asked is (1) that the conveyances and each of them be adjudged fraudulent as against the creditors of Joseph C., and as against the plaintiff; (2) that defendant Nellie K. Green be adjudged to hold said real property and the legal title thereto in trust to the extent necessary to satisfy the plaintiff's judgment; (3) that said real

v.30—32

property, or so much thereof as may be necessary, be sold, and the proceeds applied in satisfaction of plaintiff's judgment, the costs of this suit, etc., and (4) for general relief.

The defendants, in separate answers, averred that defendant Nellie K. Green herself furnished and paid all the consideration for each conveyance, and took all the property for her sole and separate use, and denied that Joseph C. purchased or paid for any of the property, or ever had any interest in it, and denied the mutual understanding and fraudulent intent and trust alleged in the complaint.

At the trial, before *Simons*, J., the plaintiff called as a witness the defendant Nellie K. Green. On her husband's objection she was excluded as incompetent. The plaintiff then moved for a dismissal of the action as against the defendant Joseph C., and to strike his name from the pleadings and record, and to amend the prayer of the complaint so as to ask for a sale of the interest of defendant Nellie K. in the property, subject to the rights of her husband, "and made such motion for the avowed purpose of thereby rendering said defendant Nellie K. Green a competent witness on the part of the plaintiff." To this the defendants severally objected "on the ground that the same was incompetent, irrelevant, immaterial and not proper, and because such change in the record would not make said Nellie K. Green a competent witness in this case without the consent of her husband. Said objection was sustained by the court, and to such ruling said plaintiff duly excepted." The settled case in which the grounds of objection are thus set forth does not state on what ground the ruling was based. The plaintiff thereupon rested his case, and on defendants' motion the court dismissed the action.

On plaintiff's motion a new trial was granted. Appended to the order granting a new trial is a note by the judge, in which it is stated that the motion made by plaintiff at the trial "was denied upon the ground that said defendant J. C. Green, being the judgment debtor, was a necessary party. Upon further consideration I think this was erroneous. * * * In furtherance of justice, the name of the defendant Joseph C. Green should have been stricken out of the case, and the motion for a new trial must be granted." The defendants appeal from the order granting a new trial.

*McMillan & Beals,* for appellants.

The ground on which the order appealed from was made was error of law occurring at the trial. No error occurred at the trial. The judgment debtor is a proper, if not necessary, party in an action of this nature. *North* v. *Bradway,* 9 Minn. 169, (183;) *Gorton* v. *Massey,* 12 Minn. 83, (145;) *Lawrence* v. *Bank of the Republic,* 35 N. Y. 320; *Miller* v. *Hall,* 70 N. Y. 250; *Hurlbert* v. *Dean,* 2 Abb. App. Dec. 428. He should be joined for two reasons, he is judgment debtor and husband. As a wife cannot convey or incumber her realty without her husband joining, he is a necessary party, and is interested in the result; *(Spitley* v. *Frost,* 15 Fed. Rep. 299,) and this though he were a bankrupt. *Huntington* v. *Saunders,* 14 Fed. Rep. 907. See *Thompson* v. *Silvers,* 13 N. W. Rep. 854. There was therefore no error in refusing to strike him out. The husband being a party in this action, the wife was not a competent witness on the part of plaintiff, without the consent of her husband. Gen. St. 1878, c. 73, § 10; *Huot* v. *Wise,* 27 Minn. 68; *Macondray* v. *Wardle,* 26 Barb. 612.

*Warner & Stevens,* for respondent.

DICKINSON, J. The defendants are husband and wife. The plaintiff, a judgment creditor of the husband, who is insolvent, commenced this action against them both, to enforce an alleged constructive trust, arising under the statute and in favor of the creditor, from a conveyance to the wife upon purchase of certain real estate, the purchase price having been paid, as is claimed, by the husband. Upon the trial, the plaintiff having proposed to examine the wife as a witness in his own behalf, the husband objected upon the ground of the marital relations. The plaintiff, then, for the purpose of making the wife a competent witness in his behalf, moved to be allowed to dismiss the action as to the husband, and to amend his prayer for relief in the complaint "so as to ask for a sale of the interest of said Nellie K. Green in said real property, subject to the rights of her said husband." The motion was denied, for the reason that, as the learned judge then considered, the husband, the judgment debtor, was a necessary party to the action. Upon reconsideration of this ruling, upon motion for a new trial, the court considered that he had erred in his former opinion, and that in furtherance of justice the motion should

have been granted. He therefore granted a new trial. Defendants appealed.

. If the court had refused the motion in the exercise of its discretion, its action could not have been deemed erroneous. But it is apparent that the question was not decided in the first instance upon any ground of discretion, but upon the ground that the husband was a necessary party to the maintenance of the action, and that the court could not allow the amendment to be made, and the action to be proceeded with against the wife alone. This was error, if the reason for the refusal was wrong, and it furnished one of the statutory grounds for the application for a new trial. The plaintiff had a right to the exercise of the discretion of the court upon his motion, if, in fact, the application was one which might have been properly granted. The application might have been granted. The husband was not a party whose presence was necessary to the maintenance of an action to subject the land, to the extent merely of the grantee's interests therein, to the lien and operation of the judgment. Upon the alleged facts the husband had not, and never had, any title or estate, legal or equitable, in the land. By force of our statute of uses and trusts, the payment of the purchase price by him gave rise to no resulting trust in his favor. So far as he was concerned, the land became the sole and separate property of his wife, in which he had no other interest than he would have, by reason of the marriage relation, in any real property of which the wife might become seized in her own right. Only to the extent that might be necessary to satisfy the just demands of the creditors of the husband was her title qualified. As to creditors of the husband, he paying the consideration for the purchase, (unless a fraudulent intent should be disproved,) she was to be deemed as holding the property in trust, to be applied in satisfaction of their debts. The husband having no estate in the property, and moreover the plaintiff waiving any possible right he might have to bind or affect, by the judgment in this action, any interests which the husband might assert or claim, it was not necessary that he be retained as a party.

If the action had been so reformed as to be prosecuted against the wife alone, she would have been a competent witness for the plain-

tiff, without the consent of the husband.. He not being a party, and not to be affected by the judgment, no property to which he could assert any right being involved, her testimony would not have been "for or against her husband." It would have related to and have affected only herself and her property. Of course, confidential communications between the husband and wife could not have been put in evidence by her testimony without the consent of the husband.

Order affirmed.