D. L. KEYES *vs.* W. C. CLARE.

January 29, 1889.

**Municipal Court of Minneapolis—Service of Pleadings.**—The effect of Sp. Laws 1887, c. 21, § 3, relating to pleadings and proceedings in the municipal court of the city of Minneapolis, and making certain titles of chapter 66, Gen. St., applicable thereto, is to make 10 days the uniform period in which to serve answers to such pleadings, whether original or amended.

**Practice—Relief from Default.**—An application for leave to answer, after default, must be considered and passed upon by the trial court before it will be considered by the appellate court.

Appeal by plaintiff from an order of the municipal court of Minneapolis, setting aside a judgment entered upon default, upon the ground that the judgment was unauthorized, the time for answering not having expired.

*Hooker, Little & Nunn,* for appellant.

*C. F. Baxter,* for respondent.

VANDERBURGH, J. This action was brought in the municipal court of the city of Minneapolis. The summons and complaint were served July 12, 1887, and July 22d the defendant served a demurrer. On July 23d plaintiff served an amended complaint upon the defendant's attorney, which was retained by him; and on August 8th following, no answer thereto having been served, the plaintiff entered judgment. The defendant thereupon moved to set aside the judgment, on the ground that the time for answering the amended complaint had not expired when it was entered, and the motion was granted; the court nolding that under Gen. St. 1878, *c.* 66, § 123, which applies to the municipal court, the plaintiff had 20 days to amend after the demurrer was served, and the defendant had a like time to answer the same. But we think that, under the act of 1887, (Sp. Laws 1887, *c.* 21, § 3,) a different and more consistent construction is warranted, and that it was intended thereby to make 10 days the uniform rule in respect to the time for answering adversary pleadings in the municipal court, whether original or amended. The section just referred to requires an answer to the complaint to be served within 10 days, and provides that title 6 (which includes section 123 in question) and several other titles of chapter 66, Gen. St., shall apply to the municipal court "so far as they are applicable, except the time to demur and reply shall be ten days, and except as the same may be modified by this act." Section 123 is thus made applicable to the municipal court, *mutatis mutandis.* The rule fixed in the latter court is 10 days' time to answer, demur, or reply. That rule is not changed by the statute adapting section 123 to the practice in the municipal court, but the latter section is conformed to such practice. The language of the municipal-court act referred to is somewhat vague, but there is no serious question as to the intention of the legislature.

2. It is also urged that upon the moving papers a proper case was made for the court to open the default, and allow defendant to answer; but the court did not consider this aspect of the case at all, and did not exercise its judicial discretion in the determination of the motion, but based its decision wholly on the ground first stated.

That matter cannot, therefore, be considered on this appeal. *Leonard* v. *Green*, 30 Minn. 496, (16 N. W. Rep. 399.)

Order reversed.