GOODMAN COHEN v. AARON GOLDBERG.[1]

July 13, 1896.

Nos. 10,104—(231).

**Action for Conversion—Fraudulent Transaction—Cross-Examination.**

In an action by a third party against a judgment creditor for conversion of property levied on as the property of the judgment debtor, but claimed by the plaintiff as his property, *held*, great latitude must be allowed in the cross-examination of the immediate parties to the alleged fraudulent transaction, and it is error to refuse to allow any such cross-examination having a reasonable tendency to throw light on such transaction, even though the inquiry is as to matters not touched upon in the direct examination.

**Same—Punitive Damages—Evidence of Wealth of Defendant.**

It is error to admit in such an action evidence of the wealth of the defendant, with a view to the recovery of punitive damages, unless there is evidence in the case tending to prove that he was guilty of gross oppression, or wanton disregard of the rights of the plaintiff, in converting the property, so as to justify the allowance of punitive damages.

Appeal by defendant from an order of the municipal court of Minneapolis, Holt, J., denying a motion for a new trial, after a verdict in favor of plaintiff for $242. Reversed.

*F. J. Geist* and *S. Meyers*, for appellant.
*Child & Fryberger*, for respondent.

CANTY, J. This is an action for conversion. Plaintiff had a verdict, and from an order denying a new trial the defendant appeals.

K. Goldblum, a merchant at Minneapolis, sold a quantity of goods either to plaintiff, or one S. (or Sam) Sunel, but on the question of

[1] Reported in 67 N. W. 1149.

which was the purchaser the evidence is conflicting. Goldblum shipped the goods to Madelia, in this state, and took a bill of lading in which he is named as consignee. This defendant held a money judgment against one Sam Shinnel, who, there is evidence tending to prove, was the same person as said Sunel, who was known by both names. After the goods in question arrived at Madelia an execution issued on this judgment was levied on them as the goods of the judgment debtor, Shinnel, and at the execution sale they were purchased by defendant. Plaintiff, claiming to be the owner of the goods, brought this action for their conversion.

1. On the trial, plaintiff, as a part of his case, offered in evidence "Exhibit A, bill of lading, so far as it relates to the bill of lading." This is the bill of lading above referred to, and at the foot of it is found the following: "Signature of party authorized to receipt for freight. S. Sunel." Subsequently, plaintiff called Sunel as a witness, and on his cross-examination the following proceedings took place: "Q. Are you the S. Sunel that signed a paper down at Madelia? (Objected to by plaintiff as irrelevant and immaterial, and not proper cross-examination, whereupon defendant's attorney offered to show by this witness, on cross-examination, that he is the person who signed the bill of lading at Madelia, and that the goods were taken from him by the deputy sheriff at Madelia the 22d day of April, 1895. Objected to by plaintiff as not proper cross-examination, which objection was sustained by the court, to which defendant duly excepted.)" This is assigned as error, and in our opinion it is error. On a question of the disposition of property in fraud of creditors, great latitude must be allowed in the cross-examination, at least, of the immediate parties to the transaction, such as plaintiff and Sunel are claimed to be; and it is error to refuse to allow any such cross-examination having a reasonable tendency to throw light on the transaction, even though the inquiry is as to matters not touched upon in the direct examination. Nicolay v. Mallery, 62 Minn. 119, 64 N. W. 108; Wait, Fraud. Conv. § 281.

2. It was also error to admit evidence of the wealth of the defendant, with a view to the recovery of punitive damages. Evidence of this character is prejudicial, and unless a case for punitive damages is made its admission is error. No such case was made. There was no evidence of such gross oppression or culpable disregard of plain-

tiff's rights as would warrant the allowance of such damages, but, on the contrary, there were many facts and circumstances in the case which might have led the plaintiff, in good faith, to believe that Sunel was the owner of the goods.

For these reasons the order appealed from is reversed, and a new trial granted.