AUGUST W. FALLGATTER and Another v. L. F. LAMMERS.[1]

January 19, 1898.

Nos. 10,767—(222).

**Pleading—Demurrer—Notice of Argument in Another County—District Court—Default—G. S. 1894, § 5227—Appeal.**
    Defendant demurred to the complaint, and plaintiff noticed the demurrer for argument before the judge at his chambers in a county other than the one in which the action was pending, but in the same judicial district. Plaintiff appeared at the argument, but defendant did not appear, and the demurrer was overruled. On this appeal from the order overruling the

[1] Reported in 73 N. W. 860.

same, it is not claimed that the demurrer was not properly overruled on the merits, but it is claimed that it was error to hear the matter, and grant the order, for the reason that the court did not fix the time and place of hearing, as required by G. S. 1894, § 5227, in such a case. *Held,* appellant cannot suffer a default in the court below, and raise the question for the first time in this court.

Action in the district court for Jackson county to recover a balance due of $1,568.75. The complaint alleged that plaintiffs were grain brokers in business at Minneapolis, and made certain specified purchases and sales of wheat for future delivery at the special instance and request of defendant; that all the purchases and sales were made "on the Chamber of Commerce" of Minneapolis and in accordance with its rules governing such transactions; that in making the purchases and sales plaintiffs advanced certain sums amounting to $1,818.77, and were entitled to commissions aggregating $50. Defendant demurred to the complaint. From an order overruling the demurrer, defendant appealed. Affirmed.

*Wilson Borst,* for appellant.

*Flannery & Cooke,* for respondents.

CANTY, J.

This action was brought in Jackson county, where the defendant resides. Defendant demurred to the complaint, on the ground that it does not state a cause of action. Thereupon plaintiffs noticed the demurrer for argument "before the court at his chambers in the city of Wells, in the county of Faribault," on August 5, 1897, at 10 a. m. The notice was served more than eight days before the time set for hearing. Plaintiffs appeared at the hearing. Defendant failed to appear. The demurrer was overruled, with leave to defendant to answer, and he appeals from the order overruling the same.

Both counties are in the same judicial district, and the hearing was had before the judge of the district. Appellant does not contend that on the merits the demurrer was not properly overruled, but his contention is—First, that the court or judge had no jurisdiction to hear the demurrer outside of the county in which the action is pending; and, second, that the court erred in trying the issue of law raised by the demurrer at chambers and in another

county, on the mere notice served by plaintiffs' attorneys, and without having fixed a time and place of hearing.

Appellant's first contention is without merit. He bases his second contention on section 5227, G. S. 1894, which provides:

"Motions must be made in the district in which the action is pending or in an adjoining district. * * * Motions for judgment upon demurrer, or upon the pleadings, may be made and determined in vacation; and when any motion is made in a district court other than that in which the action is pending, the order, determination or judgment thereon is to be entered in the same manner, and have the same force and effect, as when made in and by the judge of the district, and in the county in which the action is pending: provided, that demurrers in civil actions may be brought on for argument by either party at any time the court may fix for that purpose, at chambers or at any regular or special term of court, in any county in the judicial district in which the action is pending."

The proviso was added to the section by amendment. See Laws 1885, c. 267.

It does not affirmatively appear that the court did not fix the time and place for the hearing on this demurrer as required by this proviso. There is no certificate of either the clerk or the judge to show what papers are on file in the court below in this case, or what the court acted on in granting the order overruling the demurrer. But, if it did so affirmatively appear, it would still be a mere irregularity, not at all jurisdictional. A glance at the complaint will show that the demurrer was properly decided on the merits. Under these circumstances, the defendant waived the irregularity by failing to object to the hearing on that ground, suffering a default, and failing to raise the question in the court below. He cannot suffer a default in the court below, and raise the question for the first time in this court. Keyes v. Clare, 40 Minn. 84, 41 N. W. 453; Holmes v. Campbell, 12 Minn. 141 (221); Washburn v. Winslow, 16 Minn. 19 (33); Knappen v. Freeman, 47 Minn. 491, 50 N. W. 533.

The order appealed from is affirmed.