NATIONAL GERMAN–AMERICAN BANK OF ST. PAUL v. ALICE G.
LAWRENCE and Another.

July 14, 1899.

Nos. 11,690—(218).

### Resulting Trust—Husband and Wife—Examination of One without Consent of Other.

In an action against both husband and wife by a judgment creditor of
the husband to enforce a resulting trust against the land of the wife for
the payment of the judgment, on the ground that the consideration for
the grant to the wife was paid by the husband, neither the husband nor
the wife can be examined as a witness for the plaintiff without the con-
sent of the other spouse.

### Same—Husband Proper Party.

The husband, although not a necessary party, is a proper party, to the
action, and has a certain, direct, and immediate interest, if not in the
event of the suit itself, at least in the record, as an instrument of evi-
dence for or against himself.

### Same—Effect of G. S. 1894, § 5659.

G. S. 1894, § 5659, permitting the examination of an adverse party as if
under cross-examination, did not change the law as to the competency of
witnesses.

### Same—Declarations.

The declarations of husband and wife are subject to the same rules of
exclusion which govern their testimony as witnesses.

### Same—Statutory Privilege—Charge to Jury.

The mere fact that one spouse avails himself or herself of the statutory
privilege of refusing to consent to the examination of the other spouse as
a witness constitutes no ground for the court's instructing the jury that
they may take that fact into consideration, as tending to raise the pre-
sumption that the testimony, if given, would not have been favorable to
the nonconsenting spouse.

### On Reargument.

October 19, 1899.

### Husband and Wife—Cross-Examination of Voluntary Witness.

The wife, with the consent of the husband, having testified as a witness
in her own behalf as to certain matters material to the issues on trial,
*held*, that the court erred in excluding, on cross-examination, a question

which was both competent and proper cross-examination. Where, in an action against both husband and wife, one spouse, with the consent of the other, testifies as a witness in his or her own behalf, the cross-examination is not limited to matters inquired of in the direct examination. In such case, the other spouse completely waives the statutory privilege that one spouse shall not be examined as witness for or against the other spouse without his or her consent; and the witness may be cross-examined concerning any matter pertinent to the issue, regardless of the extent of the direct examination.

Action in the district court for Wabasha county to subject to the lien of a judgment against defendant James G. Lawrence land standing in the name of defendant Alice G. Lawrence, his wife, on the ground that the consideration was paid by him and title taken in her name in fraud of creditors. The case was tried before Snow, J., and a jury, which rendered a special verdict to the effect that the consideration paid for the land was the money or property of the husband. The court made findings of fact and conclusions of law, whereby it found in favor of defendants. From an order denying a motion for judgment notwithstanding the verdict and findings or for a new trial, plaintiff appealed. Reversed on rehearing.

*Merrick & Merrick*, for appellant.

*Webber & Lees* and *McGovern & Murdoch*, for respondents.

MITCHELL, J.

This action was brought by a judgment creditor of James G. Lawrence against him and his wife to enforce a resulting trust in plaintiff's favor in certain real estate, the grant of which was made to the wife, but the consideration therefor paid, as is alleged, by her husband, the judgment debtor. G. S. 1894, §§ 4280, 4281. Upon the trial the plaintiff called the husband as a witness, and proposed to examine him as an adverse party, under G. S. 1894, § 5659. To this the wife objected on the ground that a husband could not be examined for or against his wife without her consent. G. S. 1894, § 5662. The court sustained the objection. The plaintiff then called the wife as a witness, and proposed to examine her, under the statute, as an adverse party. To this the husband objected on the ground that the wife could not be examined for or against her husband without his consent. The court sustained the objection.

The correctness of these rulings presents the principal question in the case, the answer to which depends upon the construction of G. S. 1894, § 5662, which, so far as here material, reads as follows:

"A husband cannot be examined for or against his wife, without her consent; nor a wife for or against her husband, without his consent; * * * but this exception does not apply * * * to proceedings supplementary to execution."

At common law, where parties could not be witnesses for themselves, neither a husband nor a wife could be a witness in any cause, civil or criminal, in which the other was a party. This exclusion was founded partly on the identity of their legal rights and interests, and partly on grounds of public policy, in order to encourage and preserve inviolate the confidence of the marriage relation. The first of these has been removed by our statute abolishing the incompetency of witnesses on account of interest, and the interest of a person in the result of a cause is no longer of importance, except so far as it may aid in determining whether the evidence of a husband or wife, if admitted in a given case, will be for or against the other spouse, within the meaning of our statute. But the second ground of exclusion, viz., to encourage and preserve inviolate the confidence of the marriage relation, as expressed in the preamble to section 5662, still remains; and to that extent the statute must be construed, if not as merely declaratory of the common law, at least in the light of it. It would seem too plain for argument that in this case the testimony of the husband, if admitted, would have been for or against the wife, whose property was sought to be charged with a trust in favor of her husband's creditor, and hence clearly inadmissible without her consent.

The only distinction attempted to be drawn between the admissibility of the testimony of the wife and that of the husband is that the latter was not a necessary party to the action, and had nothing to gain or lose by its result, and, therefore, that his wife's testimony could not be for or against him, but only for or against herself, and hence not within the exclusion of the statute. But, while not a necessary party, the husband was a proper party, to the action; and, being such, the judgment would be binding and conclu-

sive upon him as to all matters therein determined. Hence he would have a certain, direct, and immediate interest, if not in the event of the suit itself, at least in the record, as an instrument of evidence for or against himself. For example, if the judgment in this case had been in favor of the plaintiff, it would have been conclusive evidence against him, in any other action between him or his privies and the plaintiff or its privies, that the land in controversy was impressed in the hands of his wife with a trust in favor of the plaintiff for the payment of its judgment,—a fact which might materially affect his rights, as husband, in the property.

In Leonard v. Green, 30 Minn. 496, 16 N. W. 399, cited by plaintiff, which was an action of the same nature as the one at bar, the wife was held to be a competent witness for the plaintiff because the husband was no longer a party to the suit, it having been previously dismissed as to him, "the plaintiff waiving any possible right he might have to bind or affect, by the judgment in this action, any interests which the husband might assert or claim." The grounds. upon which the decision of that case was put implies that, if the husband had been retained as a party to the action, the wife would not have been a competent witness for the plaintiff. It is also a significant fact that counsel have found no case, under either the common law or any statute, against both the husband and the wife, in which it was held that either was a competent witness without the consent of the other.

The statute allowing a party to examine an adverse party as a witness as upon cross-examination in no way affects or changes the law as to the competency of witnesses. The court was therefore right in sustaining the objection to the examination of both the husband and the wife.

2. The husband had been examined in proceedings supplementary to execution in the action in which plaintiff's judgment had been rendered, and the wife had been examined as a witness in the same proceedings. These examinations were had before a referee. Upon the trial of the present action the plaintiff offered in evidence portions of the testimony of each, as contained in the report of the referee. This evidence stood upon the same footing as any other declarations or admissions of the parties. These alleged declara-

tions or admissions were not proven in the proper way, or by any competent evidence, but no objection to the introduction of the referee's report was made upon that ground.

The trial court admitted a part and excluded a part of the offered evidence. The ground upon which the court admitted a part of this evidence was that, as the statutory exclusion did not apply to proceedings supplementary to execution, therefore the testimony of the husband and the wife, given in such proceedings, would, if otherwise competent, be admissible in any other action to which they were parties. The ground upon which he excluded the remainder of the offered evidence was that only those declarations or admissions of the defendants would be admissible which immediately tended to prove who paid the consideration for the particular grant which was the subject of this action. If the court had been correct in the reason assigned for admitting a part of the offered evidence, it would be very difficult, if not impossible, to sustain his action in confining its admission to such narrow limits, in view of the liberality in the admission of evidence permissible in cases of this character. But, in our opinion, none of the declarations of either the husband or wife, made in the proceedings supplementary to execution, were admissible in this case.

The exception from the exclusion of the statute in favor of supplementary proceedings is only for the purposes of the examination in such proceedings. It does not follow that, for the purposes of another action, declarations of a husband or wife made in their examination in such proceedings stand in any different position from declarations made by either of them under any other circumstances. To hold that they did would result in evading the statute, in the language of the trial judge, by "whipping the devil round the stump." The law is that the declarations of husband and wife are subject to the same rules of exclusion which govern their testimony as witnesses. Any other rule would open the door to all the evils which the statute and the policy of the law were designed to prevent. This was the rule at common law, and, in view of the expressed purpose of the statute, we do not think it was intended to at all change or modify the rule. 1 Greenleaf, Ev. § 341; 1 Phillipps, Ev. 80; Hall v. Hill, 2 Strange, 1094; Kelly v. Small, 2 Esp.

716; Alban v. Pritchett, 6 Term R. 680; Denn v. White, 7 Term R. 112; Brown v. Lasselle, 6 Blackf. 147; Ross v. Winners, 6 N. J. L. 366; Hawkins v. Hatton, 2 Nott & McC. 374; Hussey v. Elrod, 2 Ala. 339; Funkhouser v. Pogue, 13 Ark. 295; Burnett v. Burkhead, 21 Ark. 77.

There was therefore no prejudicial error in the court's excluding a part of the offered evidence.

3. The mere fact that one spouse avails himself or herself of the statutory right to refuse to consent to the examination of the other as a witness would be no ground for the court's instructing the jury that they might take that fact into consideration, as raising a presumption that such testimony, if given, would not have been favorable to the nonconsenting spouse. It is not a case of the suppression of evidence, within the meaning of the rule applied in Fonda v. St. Paul City Ry. Co., 71 Minn. 438, 74 N. W. 166.

4. The burden of proof was upon the plaintiff, and; while the evidence was somewhat suggestive that the alleged agency of the husband for his wife was merely colorable, we cannot say that it did not justify the finding of the jury upon the question submitted to them.

This covers all the points in the case worthy of special notice, and the result is that the order denying a new trial must be, and hereby is, affirmed.

A reargument having been granted on the questions raised by the appellant's fourteenth assignment of error, the following opinion was filed October 19, 1899.

MITCHELL, J.

In this case a reargument was granted upon the fourteenth assignment of error, which was overlooked and not disposed of in the opinion of the court.

After the plaintiff had introduced portions of what purported to be the record of the testimony of the wife as a witness in the proceedings supplementary to execution against her husband, as stated in the original opinion, the attorney of the defendants, with the consent of the husband, called the wife as a witness, and, after calling her attention to the following portion of the record: "Q.

As you had no property, real or personal, at the time of Mr. Lawrence's assignment, not exempt, tell us from what sources and in what manner you acquired personal and real property. A. I don't think I can; these lots Mr. Lawrence borrowed money to pay for," —then asked her whether she so testified; to which she replied that she did not think she did; that, if she did, she misspoke herself; that Mr. Lawrence did not borrow the money to pay for the lots; that she herself borrowed it. On cross-examination, she testified that her agent borrowed the money for her; that her agent was Mr. Lawrence, her husband. She also testified that her husband became her agent immediately or soon after he made the assignment for the benefit of creditors, in October, 1884, and had been her agent continuously ever since, down to the time of the trial (November, 1898). Plaintiff's counsel then asked her, "What was the purpose of that agency?" to which defendants' counsel objected, on the grounds that it was not cross-examination, and was incompetent, irrelevant, and immaterial. The court sustained the objection, remarking that the question of agency should be confined to the real-estate transactions; that it did not matter in this case whether he (the husband) was her agent for other purposes or not; that the question for consideration here was, who bought this property and who paid for it. The fourteenth assignment of error challenges the correctness of this ruling.

The evidence sought to be elicited by the question was both competent, material, and proper cross-examination. Here was a case where immediately or soon after the husband became insolvent he began ostensibly to act as the agent of his wife. This agency had been continuous ever since, a period of over 14 years. The purchase of the property in dispute, and the alleged borrowing of money to pay for it, were transacted under this continuing employment of agency, as all other transactions had been during that time. The vital question in the case was whether this alleged agency was actual and bona fide, for the purpose of transacting the business of the wife, or merely colorable, for the purpose of enabling the insolvent husband to transact his own business, or business for himself ostensibly in his wife's name, so as to cover up from his creditors such property as he then had or might thereafter acquire.

This being the important issue in the case, it was competent to inquire as to the whole nature and scope of this continuing agency, under which it was alleged that the husband had, as agent of his wife, purchased these lots and borrowed the money to pay for them. It was also legitimate cross-examination upon the matter elicited by the witness' examination in chief, especially in view of the great latitude of examination allowed in cases of this nature. See Cohen v. Goldberg, 65 Minn. 473, 67 N. W. 1149. The ruling of the court was none the less prejudicial error, because the evidence introduced by the plaintiff, which induced the defendants to call the wife as a witness, may have been incompetent.

It is suggested that the ruling complained of was not prejudicial, because it still left it open to the plaintiff to inquire of the witness as to the husband's agency in the particular transaction of the purchase of the lots, which alone was involved in this action. This proceeds upon the same false theory which the learned trial judge seems to have adopted, viz., that no evidence was admissible that did not immediately and directly tend to prove who paid the consideration for the particular grant which was the subject of this action. This is altogether too narrow a view of the scope and extent of legitimate inquiry in an action of this nature. Here was a case where the wife claimed to have created an agency in her husband immediately or soon after he failed in business, some 14 years before, and this alleged agency still continued and was being exercised. The purpose, scope, and character of this entire agency was a legitimate subject of inquiry, for the purpose of throwing light upon the real nature of the transaction which was immediately involved in the present case. The ruling of the court effectually shut off all inquiry on the subject, except so far as it directly and immediately applied to the single transaction of the purchase of these particular lots.

There is another and broader ground upon which the ruling of the court was erroneous.

In view of the object of the statutory prohibition against one spouse being examined as a witness for or against the other spouse without the consent of the latter, we are of opinion that the correct rule is that where one spouse, with the consent of the other, takes

the stand and testifies in the case the cross-examination of the witness is not confined to matters inquired of in his or her direct examination; that, by consenting that his or her spouse may testify, the other spouse completely waives his statutory privilege, and the witness may be cross-examined concerning any matters pertinent to the issue on trial, regardless of the extent of the direct examination. There are eminent authorities holding that this is the rule in criminal cases where the defendant has and exercises the privilege of testifying in his own behalf. See 29 Am. & Eng. Enc. 670. There would seem to be no justice or fairness in permitting one spouse to avail himself or herself of the testimony of the other spouse as to matters where it would be favorable to him or her, and permitting him or her to withdraw consent when it came to matters in which the testimony would be unfavorable.

We do not wish to be understood as meaning that the waiver or consent would extend to communications made by one spouse to the other during the marriage, where such communication was not a subject of inquiry in the direct examination. Such communications stand upon a separate, if not different, footing, and this question is not involved in this case. Indeed, we are not sure that the ruling of the trial court was intended to be in conflict with this proposition; for his exclusion of the offered evidence seems to have been based solely upon the ground that it was generally incompetent, because the inquiry as to the agency of the husband should be confined to what bore directly and immediately upon the purchase of the particular property involved in the action. For the reasons given we think the court erred in the ruling complained of in the fourteenth assignment of error.

The result is that a new trial must be, and is hereby, granted.