### JOHN H. ALLEN v. THEODORE KNUTSON.[1]

November 24, 1905.

Nos. 14,617—(189).

**Chattel Mortgage.**

> Where a chattel mortgage is attacked as fraudulent by a subsequent good-faith purchaser of the mortgaged property, it is competent for the mortgagor to testify whether the mortgage was without consideration and given to delay or defraud his creditors, though his declarations in that respect, made out of court, might not be competent.

Action in the district court for Beltrami county to recover possession of a horse or $125, the value thereof, in case possession could not be had. The case was tried before Spooner, J., and a jury, which rendered a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

[1] Reported in 104 N. W. 963.

*Chester McKusick,* for appellant.

*E. E. McDonald* and *McDonald & Pitkin,* for respondent.

BROWN, J.

The facts in this case are as follows: Foy & McKinnon were on July 15, 1903, owners of a certain horse, which they then mortgaged to plaintiff. The mortgage was in due form, properly executed, and filed as required by statute. Subsequent to the execution of the mortgage the mortgagors sold the horse to one Lennon, who in turn sold it to defendant, each paying a valuable consideration therefor. Thereafter plaintiff brought this action in claim and delivery to recover possession of the horse, basing his right of action upon the chattel mortgage. Issue was joined, and when the cause came on for trial plaintiff, to sustain the allegations of the complaint, offered in evidence the chattel mortgage and a promissory note, the payment of which it purported to secure. To defeat the mortgage defendant called one of the mortgagors, who was permitted to testify, over plaintiff's objection and exception, that the mortgage was executed and delivered without consideration and that the mortgagors never received anything of value therefor. The case was submitted to the jury upon the theory that if the mortgage was executed without consideration, and for the mere purpose of hindering, delaying, and defrauding the creditors of Foy & McKinnon, plaintiff had no title to the property thereunder, and defendant was entitled to a verdict. A verdict was returned for defendant. Plaintiff appealed from an order denying a new trial.

The only question presented for consideration in this court is whether the testimony offered by defendant tending to show that the mortgage was made without consideration and for the purpose of defrauding creditors was erroneously received. It is urged by plaintiff, that this evidence, coming from the mortgagors after they had sold the property, was incompetent and inadmissible for the purpose of impeaching the mortgage; and in support of the contention authorities are cited to the effect that declarations or admissions of a vendor of personal property, made after the transfer, are inadmissible to impeach the title of the vendee. That rule has no application to the case at bar. No declarations or admissions made out of court were offered in this case; but, on the contrary, one of the mortgagors was called as a witness

and under oath testified to facts which, if true, rendered the mortgage under which plaintiff claims void as to defendant. That such evidence is competent there can be no question. Cohen v. Goldberg, 65 Minn. 473, 67 N. W. 1149; 14 Am. & Eng. Enc. 493, and cases cited.

The rule laid down in the case of Burt v. McKinstry, 4 Minn. 146 (204), does not apply. If defendant had sought to prove admissions and declarations, made by the mortgagor out of court, that no consideration was received for the mortgage, the rule of the case cited, as contended for by plaintiff, would apply. But no such declarations were offered. Our conclusions are that the trial court ruled correctly on the admissibility of the evidence, and that the record presents no reversible error.

Order affirmed.