(32 Misc. Rep. 342.)

### HEALY v. HEALY et al.

(Supreme Court, Special Term, Monroe County. August, 1900.)

1. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—DECLARATIONS.

In an action to obtain specific performance of a decedent's oral agreement to give plaintiff a child's share in his estate, declarations of deceased tending to show that such contract was never made are not grounds for a new trial as newly-discovered evidence, since such declarations are affirmations of fact tending to disprove allegations of the complaint, and not corroborative of testimony of a witness at the trial.

2. SAME—CONDUCT OF PLAINTIFF.

In an action to obtain specific performance of a decedent's oral agreement to give plaintiff a child's share in his estate, newly-discovered evidence of conduct of plaintiff while a member of deceased's family is not ground for a new trial, since such evidence would have no direct bearing on the question of making the contract.

:3. SAME—IMPEACHING EVIDENCE.
>        Newly-discovered evidence contradicting testimony given by plaintiff in
>    her own behalf, being of an impeaching character, is not ground for a
>    new trial.

Action by Neva C. Healy against Dorus Healy, as administrator
of the estate of Joshua Healy, deceased, and others, to obtain specific
performance of an oral agreement made by deceased to give plain-
tiff the share of a child of his own in his estate. Judgment for
plaintiff. 66 N. Y. Supp. 82. Motion for new trial on ground of
newly-discovered evidence denied.

Raines & Miller, for plaintiff.

Fletcher 'C. Peck (James H. Stevens, of counsel), for defendants.

NASH, J. It is sought to obtain a new trial for the purpose of
introducing in evidence declarations of the decedent, Joshua Healy,
made in his lifetime, tending to show that the contract which the
plaintiff alleges and which it has been found by the trial court was
made by Joshua Healy with the plaintiff's mother for and on be-
half of the plaintiff was not in fact made. These declarations of
Joshua Healy, made in his own behalf or interest, are offered as af-
firmative evidence. tending to establish the defense. The ground
upon which it is urged that these declarations are admissible is that
the declarations are within the exception held in Herrick v. Smith,
13 Hun, 446, and cases there cited. The rule, as stated in Robb v.
Hackley, 23 Wend. 50, is that, where a witness is charged with
giving his testimony under the influence of some motive prompting
him to make a false or colored statement, it may be shown that he
made similar declarations at a time when the imputed motive did
not exist. As stated in Herrick v. Smith, supra, such testimony,
correctly said to be dangerous, is to be accepted only under circum-
stances special in character, and then but for the purpose of cor-
roborating the statement made upon the witness stand. Here the
declarations proposed to be shown are to the effect that the de-
ceased took the plaintiff without any agreement or contract, and
that he had not adopted the plaintiff,—affirmations of fact tending
to disprove the allegations of the complaint, and meet the case made
by the plaintiff upon the trial, and not corroborative of the testimony
of any witness for the defendants upon the trial.

The other alleged newly-discovered evidence is as to the conduct
of the plaintiff while a member of the decedent's family, which would
have no direct bearing upon the question of the making of the al-
leged contract, and, if admissible for any purpose, is not of suffi-
cient importance to warrant the granting of a new trial.

The proposed contradiction of the testimony given by the plain-
tiff in her own behalf on the trial is as to matters relatively unim-
portant, besides being evidence merely of an impeaching character,
and therefore such as would not authorize the granting of a new
trial upon newly-discovered evidence.

For these reasons I am of the opinion that the motion for a new
trial should be denied.

Motion denied.